ALBERT ARMSTRONG vs. BOARD OF COUNTY COMMISSIONERS OF RAMSEY COUNTY.

January 10, 1879.

Clerk of District Court for Ramsey County—Compensation.—As respects the compensation to which the clerk of the district court of Ramsey county is entitled for official services, chapter 207, Sp. Laws 1876, is clearly repugnant to chapter 197, Sp. Laws 1872. *Pro tanto*, therefore, chapter 207 works a repeal of chapter 197 by implication. The former chapter takes the place of the latter in furnishing the exclusive rule of the clerk's compensation, and providing that he shall be paid not by a salary, but by specified fees and *per diem*. It follows that for services performed by him as such clerk, in 1877, in certain "tax-judgment cases," he is entitled to no compensation other than such as is afforded by the allowance of *per diem* for attendance in court.

Appeal by plaintiff from an order of the district court for Ramsey county, refusing a new trial, after a trial before *Simons*, J., without a jury.

*H. J. Horn*, and *Davis, O'Brien & Wilson*, for appellant.

*E. G. Rogers*, for respondent.

BERRY, J.—Sp. Laws 1872, c. 197, in general provides that the fees, costs, percentages, penalties, allowances, and all other perquisites of whatever kind, which, by any law, the clerk of the district court in the county of Ramsey is or may hereafter be authorized to charge, receive and collect for any official services rendered by him, shall be received and collected for the sole use of the county treasury, as public mon-

eys belonging to the county; and that, with certain deductions not here important, the same shall be paid into the county treasury; and that, out of the same, the clerk shall be "allowed to receive" four thousand dollars, as an "annual compensation for his services," such compensation to be reduced to three thousand dollars per annum, at the expiration of the then current term of office. The declared intent of the act is "to limit the maximum annual compensation, from every source," of such clerk, to the sums so named. Sp. Laws 1876, *c.* 207, § 1, (Gen. St. 1878, *c.* 70, § 4,) provides, "that the salary, fees, and compensation of the officers named in this act, of the counties of Hennepin and Ramsey, for all services now or hereafter to be required by law, to be by every one of them performed, shall be as hereinafter specified, and no other or greater compensation shall be allowed or paid, either as additional compensation, or for deputies, clerk hire, or otherwise." Section 5 provides that "the fees and compensation of the clerks of the district court, and court of common pleas of said counties, shall be as follows." The section then provides in detail the fees for the different services performed by such clerks, and, among others, the following, viz.: "Attendance at court, three dollars per day; when more than one session of court shall be held at the same time, requiring the attendance of the clerk, by deputy, at one or more of such sessions, such *per diem* shall also be allowed for such necesssary deputy or deputies." Then comes a provision requiring a deposit of money to be made in every civil action, proceeding or appeal, to secure the fees of the clerk, and the section then proceeds as follows: "This provision shall not apply in cases where the cities of Minneapolis and St. Paul, or the counties of Hennepin and Ramsey are interested, or the state of Minnesota, or to cases where applications are made for judgments for taxes or assessments. And the *per diem* compensation mentioned herein shall be in full of all compensation, fees or allowances in suits or proceedings where

either of said counties, or any city or town thereof, or the state is interested; but in all such cases, and in cases of special assessments and tax judgments, the fees shall be charged and taxed as now provided by law, and shall be collected and paid into the treasury of the town, city, or county entitled thereto."

As it seems to us, these quotations require no comment to show that as respects the compensation to which the clerk of the district court of Ramsey county is entitled for official services, Sp. Laws, 1876, c. 207, is clearly repugnant to Sp. Laws 1872, c. 197. *Pro tanto,* therefore, chapter 207 works a repeal of chapter 197, by implication. The former chapter takes the place of the latter, in furnishing the exclusive rule of the clerk's compensation. Thereafter, the clerk was to be paid, not by a salary, but by the specified fees and *per diem,* and these were to be his sole compensation. In this action, the plaintiff seeks to recover compensation for services performed by him, in 1877, in certain "tax-judgment cases," as clerk of the district court for Ramsey county. For such services, the act of 1876 provides no compensation, other than that afforded by the allowance of *per diem* for attendance in court, which seems to have been regarded as sufficient to compensate for all services for which a specific fee was not provided. As the plaintiff in this action seeks to recover compensation other than such *per diem,* it follows that he cannot succeed.

Order affirmed.