EDWARD J. DAVENPORT *vs.* COUNTY OF HENNEPIN.

April 3, 1889.

**Clerk of District Court—Compensation.**—Under the provisions of Sp. Laws 1881, *c.* 408, § 2, the clerk of the district court for Hennepin county is not entitled to a *per diem* compensation for the period of time he or his deputies are employed in copying the list of delinquent taxes upon real estate, and in entering judgment against each parcel mentioned in said list, as by law required.

This action (on appeal to the district court for Hennepin county from the disallowance of plaintiff's claim by the board of county commissioners,) was tried without a jury by *Lochren,* J., who filed a decision and order for judgment in favor of defendant. From this order the plaintiff appeals.

*James O. Pierce,* for appellant.

*Frank F. Davis,* for respondent.

COLLINS, J. The defendant board having refused to allow a *per diem* compensation to plaintiff for services rendered by his deputies while he was clerk of the district court, in copying the list of delinquent taxes upon real estate in his county for the year 1880, and in entering judgment against each parcel mentioned in said list, as required by law, he appealed to the district court, claiming three dollars a day for the time actually consumed by his deputies in doing said work. There was no contention over the facts in the trial court, which directed judgment for defendant board. The statute which we are asked to construe as authorizing this allowance is a part of section 2, *c.* 408, Sp. Laws 1881, a chapter fixing and establishing the fees and compensation of certain officers in Hennepin county. The particular portion involved is almost *verbatim* that passed upon by this court in

*Armstrong* v. *County of Ramsey*, 25 Minn. 344, and for that reason need not be quoted at length here. We also find, upon examination of the files, it not clearly appearing from the opinion, that the services now under consideration are of the exact character of a part of those for which payment was asked in that case and refused; the difference in the actions being that this appellant demands compensation at the rate of three dollars a day, while Mr. Armstrong claimed the fees per description provided by statute for the entry of tax judgments. By the terms of the act of 1881, which furnishes an exclusive rule for determining the appellant's compensation in this as well as other matters, the clerk is allowed three dollars per day "for attending court," and such allowance is "in full of all compensation, fees, or allowances in suits or proceedings" in which the county or state is a party. The law further provides for the imposition of the fees fixed by law on each description for the entry of the judgments, and that the same, when collected, shall go into the county treasury.

The appellant concedes the right of the legislature to require of him the performance of certain official duties without specific compensation therefor, and the statute seems to consider that a *per diem* of three dollars for "attending court" is, in a measure, payment for these particular services, which are otherwise unprovided for. The query is, when is the clerk in attendance upon court? Evidently at no time when the court is not in session. The appellant contends that whenever the judge of the court sits for the transaction of business there is a session of the court; that as, under our system of practice, all judgments of the court are entered by the clerk, he is a component part; that whenever and wherever he sits for the purpose of entering a judgment, the court itself is in session; and hence that on each of the days appellant's deputies were engaged upon these tax judgments, there was a session. It is not necessary for us to attempt to say with preciseness just when a court is or is not in session. We are only required in this case to state when the clerk is in attendance upon it. If the plaintiff is right in his views, however, the court is in session whenever its clerk, of his own volition, without regard to the judge, sees fit to enter a judgment in any action or proceeding, *ex parte* or otherwise, for which he may, in

addition to his fees, assess and collect a *per diem* of three dollars for "attending" upon himself. Such an absurdity was not contemplated by the makers of the law. The attendance provided for is well understood and recognized. It is for such periods of time as the court may be actively engaged in the hearing of cases of which minutes should be kept, and about which there are many duties, such as selecting jurors, swearing witnesses and officers, receiving and entering verdicts, to be performed by the clerk, and for which he is or should be paid his fees by the parties to the litigation.

Order affirmed.