R. T. O'CONNOR v. BOARD OF COUNTY COMMISSIONERS OF RAMSEY COUNTY.[1]

June 17, 1895.

Nos. 9428—(306).

**Delinquent Personal Tax Warrant—County Clerk—Fees.**

*Held*, that under the provisions of G. S. 1894, § 1567, the plaintiff in this action, as clerk of the district court of Ramsey county, was entitled to recover from such county 25 cents for each delinquent personal property tax warrant, issued by him pursuant to such statute, which the sheriff failed to collect.

Appeal by defendant from a judgment of the district court for Ramsey county, entered pursuant to an order for judgment by Willis, J. Affirmed.

*Pierce Butler*, for appellant.

*C. D. & T. D. O'Brien*, for respondent.

START, C. J. Laws 1885, c. 2, § 5 (G. S. 1894, § 1567), changed the previous method of enforcing the payment of delinquent personal property taxes by providing that the county treasurer shall in April of each year certify to the clerk of the district court of his county a list of such delinquent taxes. Thereupon the clerk is required to issue his warrants to the sheriff of the county directing him to collect the amount of such delinquent taxes, together with 25 cents from each delinquent, as compensation to the clerk, "provided that in case the sheriff shall fail to collect the tax, such sum of twenty-five cents, as compensation, shall be paid by the county." The respondent, during all the times mentioned in the complaint in this action, was clerk of the district court of Ramsey county, and, as such, issued a large number of delinquent personal tax warrants as required by this statute, which the sheriff failed to collect. For this service he claimed from the county 25 cents for each of such warrants, which the county refused to pay, and he instituted this action to recover the same; and from a judgment awarding him

[1] Reported in 63 N. W. 1025.

therefor the sum of $3,148.75, with interest thereon, the county of Ramsey appealed.

The only question involved in this appeal is whether or not the respondent, as such clerk, was entitled to charge and receive from the county a fee of 25 cents for each delinquent tax warrant issued by him which the sheriff failed to collect. This act of 1885 imposed a new duty and service upon the clerks of the district courts of the state, fixed their compensation therefor, and made its payment a charge upon the counties of the state. The respondent, as one of such clerks, is undoubtedly entitled to this compensation for this new service, unless he is excepted from this general law by reason of special legislation regulating the fees of the clerk of the court of Ramsey county.

Sp. Laws 1883, c. 286, § 1, provides "that the salary, fees, and compensation of the officers named in this act for the county of Ramsey, for all services now or hereafter to be required by law to be by every one of them performed, shall be as hereinafter specified, and no other or greater compensation shall be allowed or paid, either as additional compensation or for deputies, clerk hire or otherwise." The clerk of the court is one of the officers whose fees are specified and fixed by this act, which provides as to such clerk for a scale of fees for each item of service as specified in the act. This scale of fees is materially less than that provided by the general law fixing the fees of the clerks of the district court throughout the state.

It is claimed by the appellant that the general law of 1885, imposing this new duty and service upon the clerks of the district court, and fixing the compensation therefor, did not in any manner affect the previous special law of 1883 as to such clerk's fees in Ramsey county, and invokes in support of the proposition the familiar rule that repeals by implication are not favored, and that laws of local and special application are not to be deemed to be repealed by general legislation except upon a clear manifestation of an intent to effect such repeal by the language used.

It is clear under this rule that, if the act of 1885 increased or diminished the fees of clerks of the district court for the performance of any duty or service already required of them by law, it would not have modified or repealed in any manner the special law

of 1883, fixing the fees for such services by the clerk of the district court of the county of Ramsey; but such is not this case, for a new duty was imposed and compensation given for its performance generally to all of the clerks of the state without exception. If no compensation had been given for the new service imposed, all of the clerks of the state would have been bound to perform it without compensation, but the legislature deemed it just to provide for the payment of such compensation, and the intention is clear that the provision for such payment should apply to all of the clerks of the district court in the state. Such provision is not an additional compensation, but is an equivalent compensation for the new service imposed.

The act of 1885 expressly repeals all prior inconsistent laws, and we are of the opinion that in so far as it imposes a new duty and service upon all clerks of the district court in the state, and fixes the compensation therefor, it is inconsistent with and modifies and repeals so much of the special act of 1883 which provides that the clerk of the court for the county of Ramsey should receive no additional compensation for any services then or thereafter to be required of him by law. Prince v. City of St. Paul, 19 Minn. 226 (267); State v. Klein, 22 Minn. 329.

The cases of Armstrong v. Ramsey Co., 25 Minn. 344, and Davenport v. Hennepin Co., 40 Minn. 335, 42 N. W. 20, cited by appellant, are not in point, for the reason that the plaintiffs in each of those cases sought to recover compensation for services which were required by law to be performed prior to the enactment of the special fee bills governing their respective offices, and such fee bills expressly provided just what compensation they should receive for the services in question in those cases. The act of 1885, in the particular here in question, applies to the clerk of the district court of Ramsey county.

Judgment affirmed.