JOSEPH I. BEAUMONT *vs.* COUNTY OF RAMSEY.

May 17, 1884.

**Ramsey County—Pay of Assistant Assessors.**—Under Sp. Laws 1878, *c.* 216, the county of Ramsey is not liable for the compensation of assistant assessors, in addition to the amount allowed the principal assessor for the discharge of the duties of the office of county assessor.

Plaintiff, county assessor of Ramsey county, brought this action in the district court for that county, to recover sums paid by him for services of duly appointed, qualified and acting assistant assessors, amounting to $9,453.  These payments were made by him volun-

tarily, and in the belief that he was legally bound to make them. Afterwards he obtained assignments of the claims of such assistants against the county for their services. The sums paid by plaintiff to his assistants were reasonable and no more than their services were worth. The assigned claims were duly presented for allowance and payment, and notice given of the foregoing facts, and the claims were disallowed on the sole ground that they were not a charge upon the county. Upon these facts, *Simons*, J., ordered judgment for defend-- ant, which was entered, and the plaintiff appealed.

*C. K. Davis*, for appellant.

*J. J. Egan*, for respondent.

VANDERBURGH, J.[1]  By an act of the legislature entitled "An act to regulate and establish the salary and fees of certain officers in Ramsey county, Minnesota," (Sp. Laws 1878, *c.* 216,) it was provided that the salary and compensation of the respective officers for the city of St. Paul and county of Ramsey, named in the act, "for all services. now or hereafter   *   *   *   to be performed by them or any of them, respectively, are hereby established and fixed   *   *   as in this act. specified, and no other or greater salary or compensation of any kind shall be allowed or paid to or received by any of such officers as additional compensation, or for deputies or assistants or clerk-hire, or for any cause, or on any account whatever, or in any way or manner.   *   *   *   The salary and compensation of the city engineer of said city of St. Paul shall be $2,250, and there shall be allowed such sums. in addition for assistants in the engineer's office as may be deemed indispensable by the board of public works.   *   *   *   The salary and compensation of the assessor of said county and city shall be $4,000 per annum, and no more; and no other sum shall be paid, as clerk-hire or otherwise, for any duty or work performed or done in the· discharge of such office.   *   *   *   And the salary and compensa-- tion of the auditor of said county shall be $4,500 per annum, and all the clerks necessary for the auditor shall be paid out of such sum."·

Under the amended charter of the city of St. Paul (Sp. Laws 1874, *c.* 1, p. 83) the city was divided into five wards, and it provided for

[1] Dickinson, J., because of illness, took no part in this decision.

an assessor in each ward, whose annual compensation was to be fixed by the common council, but was not to exceed $500. Chapter 90, Sp. Laws 1875, repealed the provision of the charter for ward assessors, and established the office of county assessor for the county of Ramsey, and fixed his compensation at $3,000 per annum. This act also provided for assistant assessors, including one for each township, to be appointed by the county assessor, and subject to his direction, and for whose acts he was made responsible, and whose compensation was to be fixed by him,—their compensation in all not to exceed $2,000 per annum. They were also required to give bonds and file an oath of office. By section 3 of this act "said principal assessor, by himself or with the aid of his assistant assessors, shall assess all property subject to taxation   *   *   *   within the county of Ramsey.". The assessment books are to be delivered to the principal assessor, who, by section 5, was required to "make and return, in the manner prescribed by the general laws of the state, a separate assessment-roll or return of each ward of the city of St. Paul, and towns in said county, and to be contained in suitable books, to be furnished by the county auditor, which return shall be certified and subscribed in each case by the said principal assessor."

The question to be determined here is whether the assistant assessors, appointed by the county assessor to aid him in the matter of the township and ward assessments, in pursuance of the act of 1875, are, since the act of 1878, entitled to compensation from the county, exclusive of and in addition to the amount allowed the principal assessor by the terms of the last-named act? The office and duties of the assistant assessors are necessarily ancillary to and part of the office of the county assessor. Their work is under his direction, and he is responsible for it, and it must be certified by him in his own name. It was therefore, we think, "done in the discharge of such office," in contemplation of the provision of the act of 1878, above quoted. The assistant assessors are officers by the same tenure as deputies of certain other officers, who act for and are responsible to their principals, but they constitute a part of the working force of the one office of county assessor. We may concede that, under the act of 1875, the compensation of the assistants was to be paid by the

county, in addition to the sum allowed to the principal assessor for his salary. Yet we think it was the purpose of the legislature, by the act of 1878, to supersede the former act entirely, as respects the regulation of the amount of compensation to be paid for the discharge of all the duties pertaining to the office of county assessor. The intention appears to have been to reduce and limit, and not to increase, the expense of making the assessment. It is true, it is not expressly provided, as in the case of the county auditor, that his assistants should be paid by the assessor, nor, on the other hand, does the act permit an additional allowance for assistants, as in the case of the city engineer. Under an act fixing the salary of a county auditor at $1,200, it was held that such sum, under the term "salary," must be deemed to include the expenses of necessary clerk-hire, in order to give effect to the manifest purpose of the legislature to fix a definite limit to the amount to be paid for performing the duties of the office, though the act superseded expressly made provision for clerk-hire. *Bruce* v. *Com'rs of Dodge Co.*, 20 Minn. 339, (388;) *Armstrong* v. *County of Ramsey*, 25 Minn. 344.

Judgment affirmed.