[No. 19449.     Department Two.—December 24, 1894.]

## D. W. MARTIN, CONSTABLE ETC. APPELLANT, *v.* THE COUNTY OF SANTA BARBARA, RESPONDENT.

COUNTY GOVERNMENT ACT—COUNTIES OF TWENTY-FIRST CLASS—FEES OF CONSTABLES.—The County Government Act of March 24, 1893, did not take effect as to the fees of constables who, in counties of the twenty-first class, were incumbents of office at the time of its passage, but the fees of such incumbents are governed by the act regulating fees and salaries, approved March 5, 1870.

ID.—STATUTORY CONSTRUCTION —"COMPENSATION"— "SALARY."—The words "compensation" and "salary" are used synonymously in the constitution and County Government Act, and the term "salary," as used in the County Government Act, applies equally to all officers, included in the act whose compensation is fixed thereby, whether such compensation is limited to a fixed sum of money or is payable in fees, and such is its meaning in subdivision 17 of section 183 of the County Government Act, which provides that that section shall "take effect immediately, except such provisions as affect the salaries of the present incumbents."

APPEAL from a judgment of the Superior Court of Santa Barbara County.

The facts are stated in the opinion.

*Boyce & Taggart,* and *C. A. Storke,* for Appellant.

*Thos. McNulta,* for Respondent.

SEARLS, C.—This action was brought to recover the sum of three hundred and fifty-nine dollars and forty cents for fees alleged to be due the plaintiff as a constable of the second township of said county.

The cause was tried by the court without a jury, written findings filed, and a judgment rendered thereon in favor of plaintiff for two hundred and twenty-two dollars and seventy cents and costs, from which judgment said plaintiff appeals.

The cause was submitted to the court upon the pleadings and upon certain written stipulation of facts agreed to and signed by the attorneys for the respective parties, from which it appears that plaintiff claims that he is entitled to the sum demanded in his complaint as constable fees under an act to regulate fees and salaries, etc., approved March 5, 1870, and it is admitted that plaintiff is entitled thereto if said last-mentioned act is in force.

Defendant admits that plaintiff is entitled to compensation for the services set out in his complaint under " An act to establish a uniform system of county and township governments," approved March 24, 1893, but that such recovery should not be had in this action, for the reason that the claim was not presented to the board of supervisors properly itemized and verified as required by said last-mentioned act, and was rejected by the supervisors for that reason.

It is admitted that the sum of two hundred and twenty-two dollars and seventy cents is the amount which would be due to plaintiff upon due presentation under the act of March 24, 1893.

Judgment was rendered in favor of plaintiff for two hundred and twenty-two dollars and seventy cents, being the amount due as per the act of March 24, 1893, which, for the sake of convenience, will be referred to herein as the County Government Act.

Plaintiff, as before stated, appeals from the judgment, and contends that he was entitled to compensation under the statute of 1870.

The cause comes up upon the judgment-roll without a statement or bill of exceptions.

We are not concerned to inquire into the sufficiency of the presentation by plaintiff of his claim to the board of supervisors, under the County Government Act, for the reason that the court below held the presentation and verification sufficient, and rendered judgment in favor of plaintiff thereon, under said act.

Respondent is not appealing from the judgment, and is not therefore in a position to question its validity.

There is no contention but that the claim as presented was duly itemized, verified, and presented as required by the fee bill of 1870, and if that statute is still in force the claim should have been allowed by the board of supervisors for three hundred and fifty-nine dollars and forty cents, and judgment should have been rendered therefor, while, if the County Government Act of 1893 was in force and applicable, the judgment is correct, and should be affirmed.

The county of Santa Barbara, of which plaintiff is a constable, is a county of the twenty-first class, as designated in the County Government Act of March 24, 1893, and the fees claimed by plaintiff are for services rendered in April, May, and June of 1893.

Section 183 of the County Government Act ("An act to establish a uniform system of county and township governments"), approved March 24, 1893 (Stats. 1893, p. 346), provides as follows: "In counties of the twenty-first class the county officers shall receive as compensation for the services required of them by law,

or by virtue of their office, the following salaries, to wit":

Then follow subdivisions of the section fixing the salary of the clerk, sheriff, recorder, etc., at a given sum per annum; giving to the coroner, public administrator, and surveyor "such fees as are now, or may hereafter be, allowed by law."

The thirteenth subdivision fixes the fees of justices of the peace, which are to be charged and collected for their own use.

The fourteenth subdivision provides that "constables shall be allowed to charge and collect for their own use fees as follows": Then follows the schedule of fees allowed for the discharge of various duties, followed with the proviso that no constable shall receive in any one month a sum in excess of one hundred and twenty-five dollars in criminal cases, or a sum in excess of thirty dollars in vagrancy cases, "and his claim against the county shall so state." For services not enumerated he is allowed the same fees as are allowed the sheriff for like services.

The seventeenth and last subdivision of the section is as follows: "This section shall take effect immediately, except such provisions as affect the salaries of the present incumbents."

Section 234 of the act is as follows: "The provisions of this act, unless otherwise herein provided, so far as it relates to the compensation and salaries of all officers named, shall not affect the present incumbent; *provided*, that when the salary of any such officer, or fees in lieu of such salary, is not fixed by law, the same shall, as to such officer, take effect immediately."

Section 235 applies the law to new counties to be thereafter created or organized, and provides that the salaries of officers in counties the population of which has been decreased by the organization of new counties, shall not be affected during the terms for which they shall have been elected.

Section 237 is as follows: "This act shall, except as

herein otherwise provided, take effect on the first Monday after the first day of January, eighteen hundred and ninety-five."

The contention of appellant is that subdivision 14 does not affect the present incumbents of the office of constable of Santa Barbara county. In aid of this contention it is urged that the term " salaries" in subdivision 17 of said section 183 must be construed to include the word " fee," and to be as general as the word compensation in its meaning.

It will be observed that section 183, hereinbefore quoted, provides that county officers in counties of the twenty-first class " shall receive as compensation . . . . the following salaries," and then follow the titles of the several officers and the provisions fixing their compensation,which, in some instances, consists of a fixed salary per annum, and in others of fees.

The word *salary* signifies the periodical compensation due to men in official and other situations. The word is derived from *salarium*, which is from the word " *sal*," salt, that being an article in which the Roman soldiers were paid. (Black's Law Dictionary, title Salary; *Cowdin* v. *Huff*, 10 Ind. 85.)

While the term salary in its original and strict sense signifies a fixed compensation it is frequently used in our constitution and laws as the equivalent of *compensation.*

In *Kirkwood* v. *Soto*, 87 Cal. 396, it was said: " The words ' compensation' and ' salary' were evidently used synonymously in the constitution and in the County Government Act."

The phrase, " The county officers shall receive as compensation for the services required of them by law, or by virtue of their office, the following salaries," is repeated at least fifty times, at the commencement of as many sections, applicable to counties of different classes, in each of which provision is made for the remuneration of some of the officers by fixed and stated sums per annum, and for others by fees of office

as now provided by law or as shall be hereafter provided.

I regard the conclusion as irresistible that the term "salary" as used in this connection is used, not in its original and restricted sense, but in the broader and more comprehensive sense of *compensation,* and as applying equally to all officers included in the act whose compensation is fixed thereby, whether such compensation is limited to a fixed sum of money or is payable in fees, or in fees not exceeding a certain fixed amount for the performance of certain specified duties, as in the case of constables..

It is, therefore, held that the term salary used in section 183 was intended to apply and does apply to all the officers included in the twenty-first class, viz., county and township officers therein specified.

Subdivision 17 of section 183 of the act, which, as before shown, provides that "This section shall take effect immediately, except such provisions as affect the salaries of the present incumbents," must receive the same interpretation as is given to it in its previous occurrence in the section—that is to say, that, while it is to take effect at once, it does not do so as to the officers whose salaries are fixed by the section, whether by fees or by a fixed lump sum per annum.

In other words the term salaries in the seventeenth subdivision of section 183 must be construed as broadly as the same word where it first occurs in the first clause of the same section, and must be held not to take effect as to the compensation of the officers enumerated until the first Monday after the first day of January, 1895, when, by the two hundred and thirty-seventh section, the act, except as otherwise provided, takes effect.

This view leaves the law to take effect at once in the cases provided for in sections 234 and 235, viz: in cases where the compensation of officers is not fixed by law, and in counties within the twenty-first class created or organized after the passage of the act, and to all

such matters contained in said section 183, as do not relate to the compensation of officers.

These views render it unnecessary to consider other questions raised by appellant.

The judgment should be reversed, and the court below directed to enter judgment in favor of plaintiff for three hundred and fifty-nine dollars and forty cents and costs of suit.

VANCLIEF, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, and the court below directed to enter judgment in favor of plaintiff for three hundred and fifty-nine dollars and forty cents and costs of suit.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.