COCHRAN v. A. S. BAKER CO.

(Supreme Court, Special Term, New York County. December 29, 1899.)

INSOLVENT CORPORATION—CREDITORS—BOOKKEEPER'S RIGHT TO PREFERENCE.
    A bookkeeper is not a "mechanic, workingman or laborer," within Laws
    1897, c. 415, § 8, preferring the wages of such employés of an insolvent
    corporation.

Motion by Benjamin Cochran for an order to compel the receiver of the A. S. Baker Company to prefer his claim for wages. Refused.

A. J. Graeffe, for the motion.

GILDERSLEEVE, J. The motion was to require the receiver of a corporation, other than a moneyed corporation, to give preference to the claim of the applicant, on the ground that he was an employé of the defunct corporation. The attorney stated that the application was made under section 1 of chapter 376 of the Laws of 1885. This statute, however, has been repealed by chapter 415 of the Laws of 1897, and section 8 of the latter act takes the place of the former statute. The said section reads as follows, viz.:

"Upon the appointment of a receiver of a partnership or of a corporation, organized under the laws of this state and doing business therein, other than a moneyed corporation, the wages of the employees of such partnership or corporation shall be preferred to every other debt or claim."

Section 2 of said act provides that "the term employee, when used in this chapter, means a mechanic, workingman or laborer, who works for another for hire."

The motion was not opposed, and was granted. Upon the settlement of the order, however, it appears that the applicant was a bookkeeper. Is he, then, a "mechanic, workingman or laborer," as specified in the statute of 1897, above referred to, and therefore entitled to a preference? In the case of People v. Beveridge Brewing Co., 91 Hun, 313, 36 N. Y. Supp. 525, the general term of the Second department, in passing upon the former statute of 1885, held that a bookkeeper was an employé, and fell directly within the class of "employees, laborers and operatives" preferred in said act. The act of 1897, however, particularly states that the term "employé" means "a mechanic, workingman or laborer who works for another for hire." The Century Dictionary defines a laborer as one "who labors or works with mind or body, or both, but, specifically, one who is engaged in some toilsome physical occupation, or, in a more restricted sense, one who performs work requiring little skill or special training, as distinguished from a skilled workman, or one engaged especially in husbandry." The same dictionary defines "workingman" as "a laboring man, or one who earns his living by manual labor." A bookkeeper can hardly come under these definitions of "workingman" and "laborer," and he is certainly not a mechanic. In Re Stryker, 158 N. Y. 526, 53 N. E. 525, the court of appeals, construing the former act of 1885, held that a clerk and bookkeeper of a manufacturing corporation, the superintendent, shop foreman, and a draftsman, who had been employed at salaries ranging from $100 to $255 a month,

were not entitled to a preference in payment of such salary. The court (O'Brien, J.) say that it was only intended to prefer "wages," not salaries, nor earnings, nor compensation; and the court add:

"This word ["wages"] is applied in common parlance specifically to the payment made for manual labor, or other labor of menial or mechanical kind, as distinguished from 'salary' and from 'fee,' which denotes compensation paid to professional men. * * * It was not the purpose of the statute to secure a preference for claims due to the clerical force engaged in transacting the business, nor to the superintendent, foreman, or officers of the corporation who are compensated at a fixed yearly salary. * * * The purpose was to protect mechanics, operatives, or laborers from loss of their wages in the event of the insolvency of the corporation."

This case appears to disapprove the previous case of Palmer v. Van Santvoord, 153 N. Y. 612, 47 N. E. 915, where it was held that the act of 1885 included the salary of a bookkeeper. As we have seen, the act of 1897 specifically restricts the preference to "mechanics, workingmen and laborers." I think that under the act of 1897 bookkeepers cannot claim a preference. I must therefore change my former decision, which was rendered under a misapprehension as to the facts, and refuse the order of preference.