JULIUS G. SPOKELY v. IRA L. HAAVEN.[1]

May 29, 1931.

No. 28,496.

---

[1]Reported in 237 N. W. 11.

*Alexander Fosmark,* for appellant.

*W. E. Rowe* and *O'Brien & Sylvestre,* for respondent.

WILSON, C. J.

Appellant appealed from an order denying him a new trial.

Just prior to January 1, 1931, respondent was sheriff of Polk county. In the last election appellant and respondent were rival candidates for the office. Respondent, receiving 473 votes more than appellant, was given the usual certificate of election; and thereupon appellant instituted an election contest charging that respondent had violated the corrupt practices act by spending more money in his campaign than the statute permits.

Respondent's campaign disbursements were $1,401.02. The annual salary, as such, paid to the sheriff of Polk county is $2,000. The fees of the office in the calendar year of 1927, being the first year of respondent's predecessor's incumbency, were $3,884.45. He was his own predecessor.

G. S. 1923 (1 Mason, 1927) § 542, restricts campaign disbursements for county offices as follows:

"For any county * * * officer * * * who, if nominated and elected, would receive a salary, a sum not exceeding one-third of the salary to which such person would, if elected, be entitled during the first year of his incumbency in such office. If such person, when nominated and elected, would not receive a salary, a sum not exceeding one-third of the compensation which his predecessor received during the first year of such predecessor's incumbency. If such officer, when nominated and elected, would not receive a salary and if such officer had no predecessor, and in all cases not specifically provided for, one hundred dollars, and no more."

If respondent was permitted to spend only one-third of the $2,000 "salary" to the exclusion of the fees, as appellant, contestant, con-

tends, $666.66 would have been the limit of his legal disbursements. The statute does not expressly provide for a case where the officer's compensation or official income includes both a "salary" and "fees."

It is said that the word "salary" is derived from "salarium," which is from the word "sal" (salt), that being the article in which the Roman soldiers were paid. Martin v. County of Santa Barbara, 105 Cal. 208, 212, 38 P. 687. But we are not confined to the rigid and literal reading of a statute; nor are we to follow blindly the lexicologist. It is our duty to find the intention of the legislature as expressed in the language used.

In Bruce v. County of Dodge, 20 Minn. 339 (388), the word "salary" was construed as including clerk hire. See also Beaumont v. County of Ramsey, 32 Minn. 108, 19 N. W. 727.

In Board of Commrs. of San Juan County v. Oliver, 7 Colo. App. 515, 44 P. 362, it was held that "salary" meant legal compensation. To the same effect is the holding in County of Marion v. Lear, 108 Ill. 343.

There is usually a distinction between "salary" and "fees." The one is usually a periodical compensation for services, while the other is usually compensation for particular acts and relates to public officials when acting in the line of their duties, such fees being paid by those who are served.

But the interpretation of such words, when used by the legislature, does not depend so much upon the technical definition of the terms as on the sense and spirit in which they are used by the legislature. The real intention of that body in calling them into requisition as agencies for the expression of its legislative will ought to and will control. The term "fees" is not so inflexible that it may not have been used in the same sense as "salary." Landis v. County of Lincoln, 31 Or. 424, 427, 50 P. 530.

In Martin v. County of Santa Barbara, 105 Cal. 208, 38 P. 687, it was held that the term "salary" in the legislative enactments was used in its broad sense of "compensation" and applied to all officers included in the act, whether their compensation was limited to a fixed sum of money or payable in fees.

We are of the opinion that the legislature intended to base its restriction on such disbursements, at least in a measure, in proportion to the gross official income. It seems apparent that it was the intention of the legislature to limit the authorized campaign expenses to one-third of the official income for the first year in office. Compensation was the controlling element. From a practical viewpoint and for the purpose of the particular law, there could be no reason for making a distinction between "salary" and "fees"; and we hold that the word "salary" used in this legislative enactment was used in its flexible broad sense of compensation, including both "salary" and "fees."

Affirmed.

LORING, J. took no part.

[1]Reported in 236 N. W. 924.