[Civ. No. 1906. Fourth Appellate District.—June 5, 1936.]

WILLETTA REYNOLDS, Appellant, v. J. J. REYNOLDS, Defendant; LOTTIE V. WEATHERS, Respondent.

W. C. Dalzell for Appellant.

C. J. Mulvane for Respondent.

MUNDO, J., *pro tem.*—This is an appeal by the plaintiff wife in a divorce action, wherein the respondent was joined as claiming part of the community property.

James Reynolds, a married man, was appointed referee in a condemnation suit. His fee for such services was allowed in the sum of $1560. Upon an action for divorce being filed by his wife, and before he had completed his work as referee, Reynolds assigned his fee to the respondent Lottie V. Weathers for $400 cash and the cancellation of a note for $100. His wife did not consent to the assignment. As between Reynolds and his wife the court awarded the community property to the wife; but as between the wife and the respondent Weathers it found that the fee of $1560 was community personal property which might be transferred by Reynolds without the consent of his wife, and that it had been so transferred to Lottie V. Weathers for a valuable consideration.

Upon this appeal taken by Mrs. Reynolds it is contended that the assignment of the fee was invalid under section 955 of the Civil Code, and also for the reason that the unearned salary of a public officer cannot be assigned.

The section referred to in part provides: ''No assignment of . . . wages or salary made by a married person shall be valid unless the written consent of the husband or wife of the person making such assignment . . . is attached to such . . . assignment. No assignment of . . . wages or salary shall be valid unless at the time of the making thereof, such wages or salary have been earned. . . . ''

The trial court proceeded upon the theory that the "fee" of a referee in a condemnation proceeding is not "wages" or "salary" within the meaning of this section of the Civil Code. Such a construction, we believe, would be repugnant to legislative intention. The fee of a lawyer or a doctor is compensation; it is remuneration for services rendered in the line of their respective professions. The fee awarded to Reynolds was compensation for his services as referee; it was money earned by him for services rendered. "A fee is a reward or compensation for services, rendered or to be rendered; a payment in money for official or professional services, whether the amount be optional or fixed by custom or law." (3 Words and Phrases, First Series, p. 2712; *Crawford* v. *Bradford,* 23 Fla. 404 [2 So. 782, 783]; *Cochran* v. *A. S. Baker Co.,* 30 Misc. 48 [61 N. Y. Supp. 724].)

Fees are by some authorities distinguished from wages as being compensation paid to professional men, while the term "wages" is applied to the payment for manual labor or other labor of manual or mechanical kind. (*In re Stryker,* 158 N. Y. 526 [53 N. E. 525, 70 Am. St. Rep. 489].) Some lexicographers and some authorities, however, class salary and wages as synonymous. But be that as it may, a fee is compensation and compensation is salary. "The word *salary* signifies the periodical compensation due to men in official and other situations. The word is derived from *Salarium,* which is from the word '*sal*', salt, that being an article in which the Roman soldiers were paid. . . . While the term salary in its original and strict sense signifies a fixed compensation it is frequently used in our constitution and laws as the equivalent of *compensation.*" (*Martin* v. *Santa Barbara County,* 105 Cal. 208 [38 Pac. 687].) Its synonyms, as Webster gives them are "stipend", "hire", "wages", "pay", "allowance". In *Board of Commissioners of San Juan County* v. *Oliver,* 7 Colo. App. 515 [44 Pac. 362], it was said: "The treasurer had no salary, in the technical signification of the term, and none could legally be paid to him, but he was entitled to the pay which the law allowed. . . . The evident purpose of the warrants, as expressed upon their face, was to pay Graf for his services as treasurer, and we must hold that by the word 'salary' merely legal compensation was meant, and that the warrants were for the amount of fees and commissions due him by law." And in *Kirkwood* v. *Soto,* 87 Cal. 394 [25 Pac.

488], the court said: ''The words 'compensation' and 'salary' were evidently used synonymously in the Constitution and in the County Government Act.''

The interpretation of the section under discussion does not so much depend upon the technical definition of the terms as upon the sense in which they were used by the legislature. The real intention of that body was to prevent the assignment of earnings, whether they be called wages, salary, fees or compensation, without the consent of the other spouse. The legislation is remedial in character and intended to be salutary and beneficial to wives whom it was designed to protect, and the judgment here appealed from denies Mrs. Reynolds the benefit of the act. (*Berg* v. *Standard Light Co.*, 89 Cal. App. 542 [265 Pac. 369].) ''Wages'' and ''salary'' as here employed are comprehensive terms and must be interpreted in their broader sense to mean compensation given for services rendered whether such compensation is limited to a fixed sum of money or is payable in fees. (*Martin* v. *Santa Barbara County, supra.*)

In view of our conclusion that the assignment is invalid under section 955 of the Civil Code, we deem it unnecessary to discuss the other point raised by appellant.

The judgment is reversed.

Barnard, P. J., and Marks, J., concurred.