## UNITED STATES v. GERDEL.
### No. 27012(2).

United States District Court
E. D. Missouri, E. D.

Feb. 18, 1952.

George L. Robertson, U. S. Atty., Herbert H. Freer, Asst. U. S. Atty., of St. Louis, Mo., for plaintiff.

Robert C. Ely, of St. Louis, Mo., for defendant.

HULEN, District Judge.

Defendant by indictment is charged in three counts with violation of Section 4047 (e) (2), Title 26 U.S.C.A., 53 Stat. 496. Each count of the indictment is the same except as to the date of the offense. The charge in Count One reads as follows: "Cletus H. Gerdel, hereinafter referred to as the defendant, being then and there an officer and agent appointed and acting under the authority of the revenue laws of the United States, to wit, an Accounting and Auditing Assistant in the office of the Collector of Internal Revenue for the First Collection District of Missouri, Unlawfully, Willfully and Feloniously did knowingly receive of and from one George J. Neumer a certain fee, compensation and reward, except as by law provided, for the performance of a duty, in that he, the said defendant, being then and there an Accounting and Auditing Assistant, as aforesaid, did receive of and from the said George J. Neumer a certain check in the amount of

Twenty-five Dollars ($25.00), being then and there of the value of Twenty-five Dollars ($25.00) in lawful money of the United States, said check being dated January 15, 1949, drawn on the Webster Groves Trust Company, Webster Groves, Missouri, payable to "Mr. C. H. Gerdle", and signed George J. Neumer, which said fee, compensation and reward was for the preparation and filing of the income tax return of George J. Neumer and Frances Neumer for the calendar year 1948;"

Defendant entered a plea of not guilty and waived trial by jury in writing. The issue of guilt or innocence as to each count was submitted on agreed statement ("Stipulation") of facts. Facts pertinent to the disposition of the case are as follows:

"1. Defendant, Cletus H. Gerdel, was at all of the time herein mentioned an employee and agent appointed and acting under the authority of the revenue laws of the United States, being an Accounting and Auditing Assistant in the office of the Collector of Internal Revenue for the First Collection District of Missouri, he having first entered such service on or about December 9, 1947; that he was so employed as such agent continuously thereafter up to and including February 19, 1951.

      *    *    *    *    *    *

"3. On or about January 15, 1949, in pursuance of an appointment made by telephone between the defendant and the taxpayer, George J. Neumer, defendant during the evening, after working hours, of said date went to the home of the said Neumer at 420 California Avenue in Webster Groves, St. Louis County, Missouri, for the purpose of securing the necessary records and information for the preparation of the 1948 Federal and State income tax returns for the said George J. Neumer and Frances Neumer; that defendant at that time obtained the records, data and figures necessary for the preparation of said returns, which were only partially completed by defendant at the time, the blanks being signed by the taxpayers and given to defendant to complete such returns and file the same upon completion in the office of the Collector for said District located in the Federal Building, City of St. Louis, Missouri;

that defendant did thereafter complete said returns at his home and filed the same in the Collector's office at the aforementioned location.

"4. Upon furnishing the defendant the necessary preliminary records, data and other information for the final completion and filing of said returns, which was done at the Neumer home above-mentioned, Mr. Neumer inquired of defendant how much he owed him for his work in preparing the said returns, to which inquiry the defendant replied, "Is $25.00 too much?", and to which Mr. Neumer answered that the amount was satisfactory, and thereupon and at that time prepared his personal check in the amount of $25.00, drawn on the Webster Groves Trust Company, Webster Groves, Missouri, dated January 15, 1949, payable to "Mr. C. H. Gerdle", which said check he delivered to defendant and which said check defendant thereafter converted into cash and applied the proceeds to his own personal use.

      *    *    *    *    *    *

"7. It has long been the practice of the Treasury Department and followed in the office of the Collector of Internal Revenue for the First Collection District of Missouri that agents and employees during working hours furnish taxpayers assistance in the preparation and filing of their income tax returns, same being a part of the official duties of such agents and employees, for which no charge or compensation is made to the taxpayers.

"8. During the years of service of defendant as such agent in said Collector's office and previous to the preparation of any of the tax returns hereinabove mentioned, defendant had his attention called officially to the regulations of the Department of Internal Revenue, prohibiting employees and agents of the Treasury Department from accepting any compensation for services rendered in connection with their official duties."

The Government claims that defendant's duty to prepare income tax returns for taxpayers is not confined to his working hours, but covers the performance of that work rather than the time or place of performance. Defendant's position is that he had

no duty to prepare income tax returns except during the hours of his employment and therefore the statute does not apply to the admitted facts of this case.

The Act under which the indictment is brought, a penal section, found in miscellaneous provisions of the Internal Revenue Code, reads as follows:

"(e) Every officer or agent appointed and acting under the authority of any revenue law of the United States—

\*   \*   \*   \*   \*   \*

"(2) Who knowingly demands other or greater sums than are authorized by law, or receives any fee, compensation, or reward, except as by law prescribed, for the performance of any duty;"

The statute provides that on conviction defendant—"shall be dismissed from office, shall be fined not less than $1,000 nor more than $5,000, and be imprisoned not less than six months nor more than three years. The court shall also render judgment against the said officer or agent for the amount of damages sustained in favor of the party injured, to be collected by execution."

To sustain a conviction under Section 4047, on the Government's theory in this case, the evidence must establish beyond a reasonable doubt: (1) defendant was acting (at time of alleged offense) under authority of the revenue laws of the United States, and (2) knowingly received a compensation for the performance of a duty not authorized.

■■ Defendant is presumed to be innocent. It devolves upon the Government to prove beyond a reasonable doubt every element of the offense charged. The crime charged is a felony. The statute must be strictly construed.

There is no hint in the agreed statement of facts of any fraud involved in defendant's conduct. His services were sought to help prepare an income tax return at a time other than his regular hours of employment by the Government. He prepared the tax return during his off hours and made a charge for his services. The Government has provided no charge for this particular service, of any character.

We have grave doubts that at the time of the performance of the services, described in the "Stipulation", of preparation of the income tax return, defendant was "acting under the authority of any revenue law of the United States". Even the regulations of the Department prohibited such services, as distinguished from giving authority to perform them. We are further not convinced the defendant had any "duty" to prepare the tax return at the time and place referred to in the agreed statement of facts. That the defendant had a "duty" to assist taxpayers and prepare income tax returns under regulations or directive at the Collector's office, does not establish conclusively the duty followed him wherever he went after leaving his place of employment.

■■ Assume the taxpayer appeared at defendant's home on Sunday or on an evening, after work hours, and demanded defendant prepare his income tax return, and defendant refused. Could defendant be said to have violated a duty in so refusing? We think the answer is plainly no. Then can it be logically held that defendant in accepting payment under the same circumstances, for preparing the return, was receiving compensation for performance of a duty? That the official regulations of the Office of Collector of Revenue prohibited defendant from engaging in this off-hours work would indicate conclusively that he had no duty in that respect. Before we can convict the defendant of a felony we must be convinced that the plain meaning of the law covers the conduct complained of by the Government. We are not permitted to read into a felony statute terms and conditions that are not there by a fair and reasonable construction of the Act.

■ Reading sub-section (e) of Section 4047 as a whole leads us to believe the Act was not intended to cover the character of conduct engaged in by the defendant. Subsection (e) provides a scheme or plan to cover and punish those who, while acting in their *official capacity* of making collections, under the innumerable laws and regulations providing for tax and fee payments to Internal Revenue employees, knowingly

receive money not authorized. The law is aimed at "extortion", "fraud"—and those who knowingly charge more than authorized by law. This is indicated by the penalty provision—a very unusual one. The Court is authorized to render judgment against a defendant who violates the Act "for the amount of damages sustained in favor of the party injured". This penalty provision would have no application to a case of the character presented by the agreed statement of facts.

This does not mean that we put the stamp of approval on defendant's conduct. We condemn it. As we view the facts defendant received money from a source other than the Government "in connection with his services" to the Government. It is entirely appropriate for the Government to protect itself from the mere chance of injury from divided loyalty of its employees. To permit an employee of the Government to receive compensation from private sources, in connection with his services to the Government, is to subject such employee to serving two masters.

While the issue of guilt of defendant on the charge contained in the indictment is all that is before this Court, we feel this a proper case to add a gratuitous observation on the subject presented by the record in this case. We suggest the Government give consideration to Section 1914, Title 18, U.S.C.A., 62 Stat. 793 effective September 1, 1948, repealing and reenacting Section 66, Title 5 U.S.C.A., 39 Stat. 1106. This statute reads—

"Whoever, being a Government official or employee, receives any salary in connection with his services as such an official or employee from any source other than the Government of the United States, * * *; or

"Whoever, * * * makes any contribution to, or in any way supplements the salary of, any Government official or employee * * *."

On conviction punishment is fixed at a fine of not more than $1,000 or imprisonment of not more than six months, or both.

To convict under Section 1914 would seem only to require proof the Government

employee received "salary" in connection with his services from sources other than the Government. There is authority that the term "salary" used in Section 1914 is synonymous with compensation. See International Railway Company v. Davidson, 257 U.S. 506, 42 S.Ct. 179, 66 L.Ed. 341, holding, under 39 Stat. 1106 (now sect. 1914) an order of the Secretary of the Treasury void which attempted to authorize customs inspectors to receive "compensation" from private sources for working on Sundays and holidays. Also see Bell v. Roberts, 150 Pa.Super. 469, 28 A.2d 715, where it was held that an amount owed to a lawyer for legal services performed is within protection of the statute exempting "salary" from attachment. A recent Missouri case, State v. Weatherby, 350 Mo. 741, 168 S.W.2d 1048, interpreted the word "salaries" as used in the Appropriations Act to include all wages, salaries, per diem, etc., and particularly attorney fees. Statutes fixing salaries of judges and prosecutors were held to have used the word "salary" as synonymous with "compensation" in Cook County v. Healy, 222 Ill. 310, 78 N.E. 623, and Cummings v. Smith, 368 Ill. 94, 13 N.E.2d 69. California decisions hold that modern statutory usage of the word "salary" is intended to embrace all forms of compensation. Reynolds v. Reynolds, 14 Cal.App.2d 481, 58 P.2d 660; Martin v. Santa Barbara County, 105 Cal. 208, 38 P. 687.

The word "salary" in Section 1914 should be construed in light of the purpose of the Act. To hold a Government employee could receive "pay" in connection with his services to the Government, from sources other than the Government, and if paid in a lump sum (compensation) no law is violated, but if (the unlikely course) paid in equal regular installments (salary) there was a violation, bears no logical relation to the purpose of the Act. Section 1914 being a misdemeanor statute does not call for that degree of strict construction required in passing on a felony statute.

The Attorney General of the United States said of Section 66 (replaced by section 1914) in 1922 (33 Op.Atty.Gen. 273): "The object of the provision in the Act of

March 3, 1917 (ch. 163), was that no Government official or employee should serve two masters to the prejudice of his unbiased devotion to the interests of the United States."

Defendant in this case is not charged with violation of Section 1914. The indictment in this case only charges an offense under Section 4047. We are not unmindful of the rule of law providing a defendant may be found guilty of a lesser offense necessarily included in the greater offense charged. Rule 31(c), R. of C. P. 18 U.S. C.A.

A cursory examination of Section 4047 would suggest that facts to convict under Section 1914 would "necessarily" have to appear before there could be a conviction under Section 4047, and therefore the "lesser" offense under Section 1914 is "necessarily" included in the "greater" offense under Section 4047. When the two statutes are examined in the light of their objective this does not result. Under Section 4047 the payment could be a "fee",[1] a "reward", a license charge, a tax, a sum paid by way of "extortion". This character of payment is not included under the term "salary" used in Section 1914. So the offense covered by Section 1914 is not "necessarily" included in the offense defined in Section 4047. Then it has been held that the rule of "lesser in the greater" applies to situations where there are degrees of offense under the same statute. United States v. Martinez-Gonzales, D. C., 89 F.Supp. 62; Clinton Cotton Mills v. United States, 4 Cir., 164 F.2d 173; United States v. Lovely, D. C., 77 F.Supp. 619; United States v. Martini, D. C., 42 F.Supp. 502. There are no degrees of offense under Section 4047. Section 1914 is not a degree of the offense under Section 4047. It is a separate offense under a separate statute. That such an interpretation of the rule is the correct one is evidenced by Rule 7(c), R. of C. P., providing the indictment "shall state for each count the official or customary citation of the statute * * * which the defendant is alleged therein to have violated".

The defendant is adjudged not guilty of the charge as contained in Counts One, Two and Three of the indictment, and is discharged.

---

1. Reference is made to that class of fees such as a license fee.