UNITED STATES of America

v.

Norman TANZ.

UNITED STATES of America

v.

Norman M. TANZ, Jules Gordon.

Cr. Nos. 18458, 18459.

United States District Court
E. D. Pennsylvania.
Dec. 6, 1955.

W. Wilson White, Philadelphia, Pa., for plaintiff.

Thomas D. McBride, Philadelphia, Pa., for defendants.

LORD, District Judge.

The defendants, Tanz and Gordon, were both indicted on July 14, 1955, for violation of 18 U.S.C. § 371, a general conspiracy statute. On the same date, Norman Tanz alone was also indicted for violation of 26 U.S.C. § 4047(e) charging conspiracy to defraud the United States while an Internal Revenue Agent. The following October 4, 1955, upon arraignment, both defendants entered pleas of not guilty. At the same time defendants filed the present Motions to Dismiss the indictments.

The issues are as follows:

1. Is the statute of limitations a bar to both indictments since the indictments were returned over three years after the alleged offenses?

2. Is Tanz properly indicted with Gordon under the general conspiracy statute (Indictment 18459, 18 U.S.C. § 371) when he has also been indicted in his former capacity as an Internal Revenue Agent (Indictment 18458, 26 U.S.C. § 4047(e))?

3. Does indictment 18458, against Tanz alone, state sufficient facts to constitute a crime against the United States?

They will be considered in that order.

1. The defendants allege that the applicable period of limitations expired prior to the filing of the indictments against them. Under this indictment (No. 18459), the defendants were together indicted for violation of 18 U.S.C. § 371.

The statute governing the period of limitations for violation of 18 U.S.C. § 371 is found in 18 U.S.C. § 3282. Prior to September 1, 1954, 18 U.S.C. § 3282 read as follows:

"§ 3282. Offenses not capital

"*Except as otherwise expressly provided by law*, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within *three* years next after such offense shall have been committed. June 25, 1948, c. 645, 62 Stat. 828." (Emphasis supplied.)

Effective September 1, 1954, 18 U.S.C. § 3282 was amended to extend the period

of limitations from three to five years. Sept. 1, 1954, c. 1214, § 10(a), 68 Stat. 1145.

However, that Act is not operative if another statute governs. This is because of the qualifying provision of 18 U.S.C. § 3282: "Except as otherwise expressly provided by law".

There is such a statute. It is 26 U.S.C. § 3748, which reads as follows:

"For offenses arising under section 37 of the Criminal Code, March 4, 1909, 35 Stat. 1096 (U.S.C., Title 18, § 88), [now Title 18, § 371], where the object of the conspiracy is to attempt in *any manner* to evade or defeat any tax or the payment thereof, the period of limitation shall also be *six* years." (Emphasis supplied.)

█ It appears clear that 26 U.S.C. § 3748 expressly provides for inclusion of offenses arising under 18 U.S.C. § 371. Thus, such offenses would be excepted from 18 U.S.C. § 3282 providing for a three year period of limitation (and a five year period under the amendment).

In view of this interpretation I can reach no other conclusion than that the applicable period of limitation is six years. Braverman v. United States, 1942, 317 U.S. 49, 63 S.Ct. 99, 87 L.Ed. 23. Accordingly, the indictment against both defendants alleging violation of 18 U.S.C. § 371 is not barred by the period of limitation.

2. The defendant, Tanz, argues that indictment No. 18459 charging him with violation of 18 U.S.C. § 371 (the general conspiracy statute) should be quashed because he has been indicted, contemporaneously therewith, under indictment No. 18458 for violation of 26 U.S.C. § 4047(e) (conspiracy as an Internal Revenue Agent).

To find merit in defendant's argument that 26 U.S.C. § 4047(e) was carved out of 18 U.S.C. § 371, thereby making 26 U.S.C. § 4047(e) the exclusive statute for prosecution of Internal Revenue Agents,

we must consider both statutes and the legislative history of each. The earliest record found of the predecessor to 26 U.S.C. § 4047(e) was an Act passed July 20, 1868, contained in 15 Stat. 165, § 98. This Act is similar in context to § 4047 (e). It appears to be the initial enactment of 4047(e) and does not make reference to any other Act in existence at that time.

With regard to the origin of 18 U.S.C. § 371, the earliest reference to this statute is found in an Act passed March 2, 1867, 14 Stat. 484. It is similar in context with the present Section 371. The only notable difference is the penalty.

A comparison of the two early Acts discloses that the predecessor to Section 4047(e) was enacted approximately one year subsequent to the predecessor of Section 371.

One of the first cases construing the Act of March 2, 1867, 14 Stat. 484, was United States v. Boyden, 1868, 24 Fed. Cas.No.14,632, p. 1213. It was held that an officer of the revenue may be joined with other persons in an indictment, without charging him as an officer, notwithstanding that by the Act of March 31, 1868, 15 Stat. 60, such an officer is liable to a greater penalty than other persons. Further, the court pointed out that under such an indictment, the officer can only be sentenced to the lesser punishment. I believe the Boyden case is decisive of the present issue. Moreover, a case exactly in point is Grunberg v. United States, 1 Cir., 1906, 145 F. 81, where separate indictments were upheld. The Court said at page 85:

"* * * the United States are at liberty to proceed under section 5440, proving an overt act, or to proceed as against an officer under section 3169, without the burden of proving any such act. Thus the two may stand together, and the United States may proceed under either without being embarrassed by the other." (Emphasis supplied.)

Accordingly, I am of the opinion that indictment No. 18459 charging Tanz with violation of 18 U.S.C. § 371 is proper, notwithstanding Tanz' contemporaneous indictment under 26 U.S.C. § 4047 (e).

3. In support of the allegation by the defendant, Tanz, that indictment No. 18458 does not allege facts sufficient to constitute a crime against the United States, he cites United States v. Debrow, 1953, 346 U.S. 374, 74 S.Ct. 113, 98 L. Ed. 92. In that case, the court clearly stated that the true test of the sufficiency of an indictment is whether it charges all of the essential elements of the offense. The present indictment alleges that defendant, Tanz, while within the Eastern District of Pennsylvania and acting in connection with the Internal Revenue laws of the United States did conspire with others to defraud the United States by knowingly and wilfully attempting to evade a large part of the income taxes due and owing to the United States. The indictment proceeds to describe the various acts committed by Tanz in furtherance of said conspiracy. I believe the government has sufficiently particularized the acts committed so that the defendant is put on notice that the charges contained therein were committed by him in concert with others. Additionally, I feel that the indictment conforms in all respects to rule 7(c) of the Federal Rules of Criminal Procedure, 18 U.S.C., which provides that "the indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged. * * *"

In my opinion the indictments are sufficient and valid in all respects against both defendants.

Accordingly, the defendants' Motions to Dismiss the indictments are hereby denied.