**UNITED STATES of America**

v.

**Ernest T. WALDIN.**

**Crim. Nos. 18412, 18512.**

United States District Court
E. D. Pennsylvania.

Feb. 16, 1956.

**792**

W. Wilson White, Alan J. Swotes, Philadelphia, Pa., for plaintiff.

Benjamin R. Donolow, Philadelphia, Pa., for defendant.

LORD, District Judge.

This action is before the Court on Defendant's Motion to Dismiss Indictments 18412 and 18512.

The defendant was indicted on June 1, 1955 under indictment number 18412, with violation of 18 U.S.C.A. § 371 and 26 U.S.C.A. § 145(b). Subsequent to this, on September 20, 1955, a superseding indictment (indictment 18512) was returned by the grand jury. This latter indictment contained all the charges included in the former one; however, it also contained another offense, to wit, violation of 26 U.S.C.A. § 4047(e) (4).

Because of the overlapping of the two indictments and in the interests of brevity, I shall consider only indictment 18512 and the disposition accorded it will control both.

Indictment 18512 charges that the defendant was a Deputy Collector of Internal Revenue when the tax liability of one Francesco Mogavero was under investigation. Further, that defendant conspired with unknown persons to put Mogavero in fear of criminal prosecution and that defendant represented to Mogavero that their influence within the Internal Revenue was such that they could straighten out his difficulties by Mogavero paying defendant and his unknown associates $20,000.

The requisite overt acts charged in the indictment consisted of statements by both defendant and others to Mogavero that they could use their influence to procure termination of the investigation of his affairs and his tax liability reduced; demands by both defendant and another for the sum of $20,000 and finally receipt by defendant of that sum from Mogavero.

The issues raised by the briefs are:

1. Must an indictment charging a defendant with conspiracy in violation of 18 U.S.C.A. § 371, 26 U.S.C.A. § 145(b) and 26 U.S.C.A. § 4047(e) (4) allege an overt act to effect the object of said conspiracy?

2. Are the present indictments insufficient for failure to allege such an act?

3. Is indictment 18512 insufficient to charge a violation of 26 U.S.C.A. § 4047 (e) (4) by reason of its failure to allege that the defendant was acting under the authority of a revenue law?

I will consider the issues in that order.

The pertinent portions of 18 U.S.C.A. § 371 read as follows:

"§ 371. Conspiracy to commit offense or to defraud United States

"If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof *in any manner or for any purpose,* and one or more of such persons *do any act* to effect the object of the conspiracy, * * *." (Emphasis supplied.)

The legislative history of this statute was discussed by this Court in United States v. Tanz, 1955, D.C., 136 F.Supp. 404, and need not be repeated here. Suffice to say that section 371 is a gen-

eral conspiracy statute and is applicable to *any one* who in *any manner* attempts to commit any offense against the United States.

It is expressly stated in section 371 that to have an actionable violation in the form of a conspiracy there must be an overt act in furtherance of the conspiracy thereby giving effect to the object of the conspiracy.

Title 26 U.S.C.A. § 145(b) invokes a penalty upon any individual who wilfully attempts in any manner to evade or defeat any tax. The pertinent portion of this section reads:

"§ 145. Penalties

\*　　\*　　\*　　\*　　\*　　\*

"(b) Failure to collect and pay over tax, or attempt to defeat or evade tax. Any person required under this chapter to collect, account for, and pay over any tax imposed by this chapter, who willfully fails to collect or truthfully account for and pay over such tax, and *any person who willfully attempts in any manner to evade or defeat any tax imposed by this chapter or the payment thereof*, shall, in addition to other penalties provided by law, \* \* \*."
(Emphasis supplied.)

 It is apparent that the wording and phrasing of this section is similar to that used in the general conspiracy statute, section 371. However, one difference should be noted. Title 18 U.S.C.A. § 371 finds its birth in the criminal code whereas 26 U.S.C.A. § 145(b) arises by virtue of the internal revenue code. It is too well settled to warrant citation of authority for the proposition that statutes imposing criminal liability are to be strictly construed. With this principle in mind, I am, by the very clear and express provisions of both sections, obliged to conclude that each section is applicable in its scope to any person who in any manner attempts to evade or defeat by fraud or otherwise taxes due the government.

The defendant has raised a question as to the applicable period of limitation.

Section 3748 of 26 U.S.C.A. covers violations of the internal revenue laws of the United States and, in pertinent part, states:

"§ 3748. Periods of limitation

"(a) Criminal prosecutions. No person shall be prosecuted, tried, or punished, for any of the various offenses arising under the internal revenue laws of the United States unless the indictment is found or the information instituted within three years next after the commission of the offense, except that the period of limitation shall be six years—

"(1) for offenses involving the defrauding or attempting to defraud the United States or any agency thereof, whether by conspiracy or not, and in any manner,

"(2) for the offense of willfully attempting in any manner to evade or defeat any tax or the payment thereof, and

\*　　\*　　\*　　\*　　\*　　\*

"For offenses arising under section 37 of the Criminal Code, March 4, 1909, 35 Stat. 1096 (U.S.C., Title 18, § 88), where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof, the period of limitation shall also be six years.
\*　\*　\*"

Defendant agrees that the proper period of limitation is six years with respect to 18 U.S.C.A. § 371. However, he urges that for the six-year period to apply to 26 U.S.C.A. § 145(b) an act must be shown on the part of the defendant to effect the object of the conspiracy. This contention brings into consideration the second issue and the prerequisite overt acts necessary to sustain a violation of 18 U.S.C.A. § 371 (the general conspiracy statute), as well as the applicable period of limitation to be applied to 26 U.S.C.A. § 145(b).

 It is not questioned that an overt act is a vital element when grounded in a general conspiracy statute as in the instant case. Nor is it disputed that a

794

mere conspiracy, without an overt act done in pursuance thereof, is not criminally punishable. Hyde v. United States, 1911, 225 U.S. 347, 359, 32 S.Ct. 793, 56 L.Ed. 1114. However, the overt act need not be of itself a criminal act and still less need it constitute the very crime that is the object of the conspiracy. United States v. Holte, 1914, 236 U.S. 140, 144, 35 S.Ct. 271, 59 L.Ed. 504. Even though the conspiracy be fully formed, it may fail in its object and the contemplated crime may never be consummated, yet the conspiracy is none the less punishable. Williamson v. United States, 1907, 207 U.S. 425, 447, 28 S.Ct. 163, 52 L.Ed. 278.

It is submitted by the defendant that no such overt act is stated in either indictment and therefore the indictments fail to state facts sufficient to constitute an offense against the United States. The indictment alleges seven overt acts. The first act alleged that the defendant and one of his co-conspirators informed the taxpayer's attorney that a contemplated indictment against his client could be suppressed by certain persons providing Mogavero "put up" what money they would ask. The second alleged act was that defendant informed Mogavero that he has a "contact" who could "straighten out" Mogavero's tax affairs. Thirdly, that defendant and one of his co-conspirators informed Mogavero that he was in a lot of trouble, and was going to be indicted, but that it could all be "taken care of" and his tax liability reduced, if he would pay the sum of $20,000. The fourth, fifth and sixth acts consisted of the defendant's demand for the money. The seventh and final act charged was that defendant received from Mogavero the sum of $20,000, and at that time promised Mogavero that there would be no indictment and that his tax liability would be "cut down".

■■ The defendant earnestly contends that "not one act of all of the seven alleged to have been committed bears the slightest relevancy to the evasion or defeat of any tax or the defrauding of the United States." With this I cannot agree. It is my opinion that the acts alleged are sufficient to support a charge of conspiring to defeat or defraud the United States of tax monies. In the instant case each act was a logical and necessary step in the carrying through of a carefully formulated scheme. The very first overt act alleged, i. e., defendant calling Mogavero's attorney and informing him of the contemplated indictment of Mogavero, is of such a nature that without it there could never be an achievement of the object of the conspiracy. This is not to say that the overt act must be in and of itself of such a character as to be an integral part of the conspiracy and that the failure of it would cause collapse of the planned object. United States v. Holte, supra. Indeed, the act itself may be lawful and of no particular significance by itself, yet if it be directed toward a desired object which is unlawful, it is punishable. By the second act, the defendant let it be known to the taxpayer directly that defendant could suppress the contemplated indictment if he, Mogavero, "put up" money. The third act was the demand for a stipulated sum, to wit, $20,000. The fourth, fifth and sixth acts flowed freely in the current of this scheme, they being the actual demands for the monies for the services rendered by the defendant and his co-conspirators. Finally the curtain fell on the last act, and defendant was "paid off". To say these acts are meaningless and there is not the slightest connection alluded to between the alleged extortion from Mogavero and a United States loss of tax revenue or departmental corruption is to spread the cloak of immunity over those whose intent is clearly manifested.

The defendant cites numerous cases in support of his contention, none of which is the case at bar. He relies upon Hyde v. United States, 1911, 225 U.S. 347, 32 S.Ct. 793, 56 L.Ed. 1114 in support of his position that an overt act is necessary to complete the offense. There is no disagreement with this principle. However, it is worthy of note that the court said in the Hyde case, 225 U.S. at page 360, 32 S.Ct. at page 799:

" * * * The action of the latter was to be induced or influenced; and this might be through deception, it might be through fraud, or it might be through innocent agents and acts of themselves having no illegality, but effectually causing and moving official action to the consummation of the end designed and contemplated. Overt acts of all these kinds are charged. The bribery and deception of the officers, the intervention of attorneys, and the seemingly harmless mailing of information and directions all are charged and all had some relation to the scheme devised and were steps to its accomplishment. * * * "

This case involved an action brought under section 5440 of the Revised Statutes which is the predecessor of the statute presently before the court.

The defendant urges that since there is no allegation that any of the departments of the government, or its agents, were contacted officially, unofficially, legally or illegally, no crime has been made out against the United States and therefore the overt acts alleged are of no import. The Statute in question, 18 U.S.C.A. § 371 clearly states "If two or more persons conspire * * * in *any manner* or for any purpose * * * [to] do any act to effect the object of the conspiracy * * * ." The conspiracy coupled with the overt act to defraud the United States is the crime, and it is not a requisite element that overtures be made to the government or any agency or department thereof. This conclusion is clear from a reading of the statute. It is further supported by the case of Heskett v. United States, 9 Cir., 1932, 58 F.2d 897, at page 902, when the court said:

"To sustain the conspiracy count, it was necessary for the government to prove only that the accused entered into an agreement so to represent themselves, and that, in furtherance of that agreement, they committed one of the overt acts charged in the indictment. * * * "

The final issue to be decided is the sufficiency of the indictment charging violation of 26 U.S.C.A. § 4047(e) (4) by reason of its failure to allege that defendant was acting under the authority of a revenue law. This involves an interpretation of the Statute.

The defendant is indicted as an officer and employee of the Internal Revenue Department. However, the defendant asserts that the charged violation is improper because defendant did not represent himself as a Revenue Officer and that the victim did not know he was a Revenue Officer. Therefore, he argues, he was acting outside his department and in the capacity of a private citizen and cannot be indicted for violation of section 4047(e) (4). As authority for this, defendant cites United States v. Gerdel, D.C.E.D.Mo.1952, 103 F.Supp. 635, 637. This is clearly distinguishable from the instant case. In the Gerdel case the charged violation was of section 4047 (e) (2), whereas the violation under question is of section 4047(e) (4). These two sections are independent of each other and constitute different illegal acts. The facts in the Gerdel case are simple. The defendant there merely prepared income tax returns for taxpayers at their homes in the evening for a fee. The court said that even though "the defendant had a 'duty' to assist taxpayers and prepare income tax returns under regulations or directive at the Collector's office, does not establish conclusively the duty followed him wherever he went after leaving his place of employment."

But this is not our case, for the acts of Gerdel did not consist of a fraudulent scheme to defeat or defraud the United States of tax monies due.

The pertinent portions of the act under construction, 26 U.S.C.A. § 4047(e) (4), read:

"(e) Every officer or agent appointed and acting under the authority of any revenue law of the United States—

\* \* \* \* \* \*

"(4) Who conspires or colludes with any other person to defraud the United States; or * * *."

To sustain defendant's contention that the fraudulent act must be done under the authority of his office would be to unduly restrict the scope of the statute. The statute is *descriptive only.* An agent or officer of the Internal Revenue Department occupies a position of utmost fidelity and loyalty to the government and as a necessary consequence to this is vested with access to records and knowledge not available to the taxpayer in general. It is because of this that Congress enacted section 4047 and provided therein a greater penalty when an officer or agent breaches his responsibility to insure that his duties be performed with utmost faithfulness and loyalty.

■ At the time defendant communicated with taxpayer he was in fact a revenue agent and is alleged to have conspired to defraud the United States. The mere fact that defendant did not make his capacity as an agent known to the taxpayer and the act was committed outside of the "zone" to which he was assigned is of little significance. The important fact is that at all the times alleged he was employed by the Internal Revenue Service. If the court should adhere to defendant's interpretation of the statute, it would result in the strained conclusion that *only* if defendant made his capacity as an agent known to the taxpayer, and further, committed the questionable acts *only* within the "zone" assigned could he be charged with violation of section 4047(e) (4). With this I cannot agree.

The defendant was before this Court on other charges involving the same offense. The Court dismissed the indictment. United States v. Waldin, D.C., 139 F.Supp. 156. At that time the government charged violation of section 4047(e) (*10*). Judge Ganey stated in construing section 4047(e) (*10*):

"Since the defendant in the instant case had no authority to *compromise, adjust or settle* the taxpayer's alleged violation of law, he can-

not be indicted under this statute. This conclusion is reached with extreme reluctance, * * *" (Emphasis supplied)

In the case at bar, in addition to the other Statutes hereinbefore recited, the defendant is charged with violation of section 4047(e) (*4*) which is for conspiracy and is a different offense than that ruled upon by Judge Ganey. I therefore conclude his ruling is not controlling here.

It is my opinion that the indictments as stated are sufficient in all respects and therefore the defendant's Motion to Dismiss is Denied.