**SALTZMAN et al., Federal Radio Commission, v. STROMBERG–CARLSON TELE-PHONE MFG. CO.**

**No. 5278.**

Court of Appeals of District of Columbia.

Argued Dec. 2, 1930.

Decided Jan. 6, 1931.

Motion for Rehearing Denied Jan. 24, 1931.

Thad H. Brown, D. M. Patrick and Fanney Neyman, all of Washington, D. C., for appellants.

William J. Donovan and Bethuel M. Webster, Jr., both of New York City, Paul M. Segal, of Washington, D. C., and E. Willoughby Middleton, of Rochester, N. Y., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice.

This is an appeal from a preliminary injunction issued against appellants, hereinafter called the Federal Radio Commission, in a suit brought for a permanent injunction against the Commission by a radio broadcasting licensee.

It appears from the record that appellee owned and operated radio broadcasting station WHAM located at Rochester, N. Y., which was last licensed for the license-period ending on April 30, 1930, to operate full time upon a frequency of 1,150 kilocycles, clear channel, using a power output of 5,000 watts. On March 31, 1930, appellee regularly filed an application for the renewal of this license for a period of 90 days upon the terms therein contained.

On April 7, 1930, however, the Commission issued an order transferring the station from frequency 1,150 to frequency 1,160, to become effective on April 30, 1930. By the same order the Commission also changed the assignment of broadcasting station KTNT, located at Muscatine, Iowa, to the frequency of 1,160 kilocycles, for daylight operation. That station had theretofore been operating upon a frequency of 1,170 kilocycles, and

neither the owner thereof nor of the appellee station had made application to the Commission for such a change of assignment, nor consented thereto. No prior notice was given to appellee that such a transfer was to be made, nor was any opportunity given for a hearing before the date when the order was to become effective. On April 14, 1930, the Commission entered an order reciting the terms of the former order, and providing as follows: "In the event any station named above is not satisfied with its operation under its aforesaid assignment, it may be heard on June 17, 1930, provided that such station shall give notice to the commission of its desire for such hearing twenty (20) days or more prior to said date. However, the effective date of the licenses issued hereunder shall be April 30, 1930 at 3 a. m., eastern standard time."

It is stated without contradiction that the equipment of station WHAM comprises one of the most modern and efficient installations in this country; that it was erected at a cost of approximately $200,000, uses seven studios, and expends approximately $250,000 a year in operation; and that the operation of the station as a full-time clear-channel station is a necessary adjunct to the business of appellee as a manufacturer of high-grade radio receiving sets and accessories.

It is claimed by appellee that great and irreparable injury would be inflicted upon it with respect to the ownership and operation of the station, by reason of the aforesaid orders; and, furthermore, that the orders were invalid and void, for the reason among others, that it is beyond the powers of the Radio Commission to issue a renewal license for the use of a frequency other than that applied for, or to refuse a renewal of a station license upon terms similar to those of the license sought to be renewed, or to injuriously alter or revise the assignment of a radio station during or at the end of its license period, without evidence properly adduced at a prior hearing.

The appellee thereupon filed its bill of complaint in the lower court praying the court to restrain the Commission and the members thereof from issuing any orders changing the frequency assignment of station WHAM without prior notice and hearing, and that the court declare invalid the order theretofore issued by the Commission to effectuate such change, and that a preliminary injunction be granted and issued by the court pending a determination of this suit forbidding all action on the part of the Commission in any wise interfering with the continuing operation by appellee of station WHAM with a frequency of 1,150 kilocycles clear channel and a power of 5,000 watts.

A temporary restraining order was granted by the lower court as prayed in the bill. After service thereof, the Commission on April 28, 1930, postponed the effective date of the reassignment until July 31, 1930, and ordered that a hearing be held on June 17, 1930, and that "all stations affected by the said order and desired to be heard shall show cause at that time why said frequencies should not be changed in accordance with the provisions of General Order No. 87 and the action of the commission dated April 7, 1930."

Thereupon the lower court found that the only hearing tendered to the appellee by the Commission was one wherein the Commission offered the appellee an opportunity to show cause why its frequency and that of station KTNT should not be changed in accordance with the provisions of its said threatened action, and held that such hearing was not a hearing as provided by law. Wherefore the lower court granted a preliminary injunction restraining the Commission, until final determination of this case, from effectuating any order changing the frequency assignment of radio station WHAM without prior notice and hearing, or from changing it as a result of any hearing wherein it is required that appellee show cause why said change be not made or from doing anything in furtherance of such change.

The present appeal was taken from this preliminary injunction.

In our opinion, the granting of the preliminary injunction by the lower court was not error.

It is plain that the Commission's orders of April 7 and 14, 1930, whereby the station's frequency was changed without prior notice or opportunity for a prior hearing, and the effective date of the orders was to be April 30, 1930, without provision for any hearing until June 17, 1930, were void. The effect of these orders was to deny appellee an opportunity to defend against the proposed reassignment of the station, until after the reassignment became an accomplished fact. The orders accordingly violated the requirements of section 11 of the Radio Act of 1927 (44 Stat. 1162, 1167 [47 USCA § 91]), which reads in part as follows:

"Sec. 11. If upon examination of any application for a station license or for the renewal or modification of a station license

the licensing authority shall determine that public interest, convenience, or necessity would be served by the granting thereof, it shall authorize the issuance, renewal, or modification thereof in accordance with said finding. In the event the licensing authority upon examination of any such application does not reach such decision with respect thereto, it shall notify the applicant thereof, shall fix and give notice of a time and place for hearing thereon, and shall afford such applicant an opportunity to be heard under such rules and regulations as it may prescribe. * * *"

■ Moreover, at such a hearing the Commission's ex parte findings and conclusions, formulated in the absence of the applicant and based upon evidence undisclosed to him, are not sufficient to make out a prima facie case which must prevail unless the applicant show cause to the contrary. The provision for a hearing implies that the applicant is entitled to an opportunity to hear all the evidence, and examine or cross-examine the witnesses as in other cases. Any other procedure would impose upon the applicant the burden of refuting a case resting upon evidence and considerations of which he could have no knowledge.

In Interstate Commerce Commission v. Louisville & Nashville Railroad Co., 227 U. S. 88, 33 S. Ct. 185, 187, 57 L. Ed. 431, the Supreme Court, in treating an analogous issue, said: "The government further insists that the commerce act (26 Stat. at L. 743, chap. 128, U. S. Comp. Stat. 1901, p. 3163) requires the Commission to obtain information necessary to enable it to perform the duties and carry out the objects for which it was created; and having been given legislative power to make rates it can act, as could Congress, on such information, and therefore its findings must be presumed to have been supported by such information, even though not formally proved at the hearing. But such a construction would nullify the right to a hearing—for manifestly there is no hearing when the party does not know what evidence is offered or considered, and is not given an opportunity to test, explain, or refute. The information gathered under the provisions of § 12 may be used as basis for instituting prosecutions for violations of the law, and for many other purposes, but is not available, as such, in cases where the party is entitled to a hearing. The Commission is an administrative body and, even where it acts in a quasi judicial capacity, is not limited to the strict rules, as to the admissibility of evidence, which prevail in suits between private parties. Interstate Commerce Commission v. Baird, 194 U. S. 25, 24 S. Ct. 563, 48 L. Ed. 860. But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. In such cases the Commissioners cannot act upon their own information, as could jurors in primitive days. All parties must be fully apprised of the evidence submitted or to be considered, and must be given opportunity to cross-examine witnesses, to inspect documents, and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense. In no other way can it test the sufficiency of the facts to support the finding; for otherwise, even though it appeared that the order was without evidence, the manifest deficiency could always be explained on the theory that the Commission had before it extraneous, unknown, but presumptively sufficient information to support the finding. United States v. Baltimore & Ohio S. W. R. R., 226 U. S. 14, 33 S. Ct. 5, 57 L. Ed. 104."

We affirm the lower court's order herein appealed from.