178 P.2d 436

**EARHART et al. v. FROHMILLER, State Auditor, et al.**

No. 4979.

Supreme Court of Arizona.

March 14, 1947.

222

John L. Sullivan, Atty. Gen.; John W. Rood and Perry M. Ling, Asst. Atty. Gen., for petitioners.

Charles L. Strouss, of Phœnix, for respondents.

PER CURIAM.

Petitioners seek a writ of mandamus compelling the State Auditor to allow and the State Treasurer to pay claims for subsistence and lodging expenses in accordance with the provisions of Chap. 16 (H.B. 103). This bill was enacted by the Eighteenth Legislature on February 28, 1947, over the vote of the Governor, with an emergency clause attached. That part of the bill necessary to this opinion reads as follows: "Section 1. *Reimbursement of members of legislature.* Any member or employee and officer of the legislature, *while absent from his usual place of residence* in the service of the state during a session of the legislature, *shall be reimbursed for his actual and necessary expenditures for subsistence and lodging, not to exceed the sum of ten dollars per day.* All claims for reimbursement as provided in this Act shall be filed as other claims against the state, and shall be accompanied by receipts or vouchers evidencing such expenditures * * *." (Emphasis supplied.)

Due to the nature of the questions here raised this Court assumed original jurisdiction and issued an Alternative Writ of Mandamus which the respondents moved to quash, asking that the action be dismissed. Because of its public importance, the Court advanced this matter on its calendar.

Respondents' objections are directed solely to the constitutionality of allowing subsistence and lodging expenses to members of the Legislature and their employees who are absent from their usual place of residence while serving the State during legislative sessions.

Undoubtedly the Act provides for "personal expenses" as distinguished from "legislative expenses", and this under the theory, no doubt, that the State of Arizona is unduly enriched by not reimbursing the Legislators for their personal expenses during their period of service when other public officers are so reimbursed.

We must necessarily determine in this case whether the Legislature can exercise that same degree of freedom in the matter of providing necessary expenses inuring to the benefit of its own members as it exercises in providing for payment of the expenses incurred by executive, judicial, and administrative officials and employees of the state.

There are many decisions of other states holding invalid acts which provide, in one

form or another, for personal expenses of members of the legislature. Peck v. State, 63 Idaho 375, 120 P.2d 820; State ex rel. Boyd v. Tracy, 128 Ohio St. 242, 190 N.E. 463; Peay v. Nolan, 157 Tenn. 222, 7 S.W. 2d 815, 60 A.L.R. 408; Gallarno v. Long, 214 Iowa 805, 243 N.W. 719; Dixon v. Shaw, 122 Okl. 211, 253 P. 500, 50 A.L.R. 1232; Fergus v. Russel, 270 Ill. 626, 110 N.E. 887; Godfrey v. Hunter, 176 S.C. 442, 180 S.E. 468; Advisory Opinion to Governor, 156 Fla. 48, 22 So.2d 398; Terrel v. King, 118 Tex. 237, 14 S.W.2d 786; Ashton v. Ferguson, 164 Ark. 254, 261 S.W. 624; Jones v. Hess, 132 Or. 175, 285 P. 205; State ex rel. v. Turner, 117 Kan. 755, 233 P. 510. Some of these cases can be distinguished, being based upon different constitutional language; others, it must be conceded, are directly in conflict with the reasoning contained herein. Divided opinions have characterized the reported cases on this question demonstrating that few courts have been free from doubt as to the correct interpretation to place upon such acts.

Some of the courts which held such acts invalid have done so because the state constitutions in question provided no *express* *authorization* for such legislation.

■■ We believe the rule of construction which requires the finding of express authorization is inappropriate when applied to the Constitution of the State of Arizona, and by the great weight of authority throughout the United States, it is not applicable to the construction of state constitutions generally. Art 2, Sec. 33 of the Arizona Constitution states that "The enumeration in this constitution of certain rights shall not be construed to deny others retained by the people". Unlike the Federal Constitution, state constitutions are not grants of power, but instead are limitations thereof. The generally accepted doctrine is that except for those things necessarily inhibited by the Federal or state constitution, the state legislature may pass any act, because the whole power not prohibited by the state and Federal constitutions is retained in the people and their elected representatives in the state. 12 C.J. Sec. 167, pp. 745–874; 16 C.J.S., Constitutional Law, § 70; State ex rel. Todd v. Yelle, 7 Wash.2d 443, 110 P.2d 162; Collins v. Riley, 24 Cal.2d 912, 152 P.2d 169.

■■ The Constitution of Arizona is not, as is the Constitution of the United States, to be considered a grant of power or enabling act to the Legislature, but rather is a limitation upon the power of that body, and that "The Legislature is vested with the whole of the legislative power of the state, and may deal with any subject within the scope of civil government unless it is restrained by the provisions of the Constitution, and the presumption that the Legislature is acting within the Constitution holds good until it is made to appear in what particular it is violating constitutional limitations." Macmillan Co. v. Clarke, 184 Cal. 491, 194 P. 1030, 1032,

17 A.L.R. 288. "We do not look to the (state) Constitution to determine whether the Legislature is authorized to do an act, but only to see if it is prohibited." Fitts v. Superior Court of Los Angeles County, 6 Cal.2d 230, 57 P.2d 510, 512.

Neither is the rule of construction that expressio unius est exclusio alterius persuasive in this case. This rule is applied with greatest caution to "provisions of constitutions relating to the legislative branch of the government, as it cannot be made to restrict the plenary power of the legislature * * *." 16 C.J.S., Constitutional Law, § 21, p. 62. See, also, Atkinson, Kier Bros., Spicer Co. v. Industrial Commission of Arizona, 35 Ariz. 48, 274 P. 634; Home Acc. Ins. Co. v. Industrial Commission of Arizona, 34 Ariz. 201, 269 P. 501.

Our standard for judgment here is clear. We must find that the Act is clearly prohibited by either the Federal Constitution or the Constitution of Arizona in order to hold it invalid. And in looking to see whether it is clearly prohibited we are cognizant of the rule that all presumptions and intendments are in favor of the validity and constitutionality of legislative acts and such acts "will be given a construction consistent with validity if at all possible." Collins v. Riley, supra [48 N.M. 433, 152 P.2d 170]; Coggins v. Ely, 23 Ariz. 155, 202 P. 391; Loveland v. State, 53 Ariz. 131, 86 P.2d 942; Charleston Fed. Sav. & Loan Ass'n v. Alderson, 324 U.S. 182, 65 S.Ct. 624, 89 L.Ed. 857.

The principle point relied upon by the respondents is that granting to the legislators an allowance for subsistence and lodging constitutes an improper increase in their compensation under the terms of the Arizona Constitution, Art. 4, pt. 2, Sec. 1(2) thereof as amended by the initiative act of 1932, insofar as material reads as follows: "From and after the adoption of this amendment members of the legislature shall receive $8.00 per day * * * provided however, that they shall receive such compensation for a period not to exceed 60 days in any one regular session and for a period of not to exceed 20 days in any one special session. They shall also receive mileage one way by the shortest practical route at the rate of 20¢ per mile * * * the compensation of * * * attaches or employees except the chief clerk or secretary of each branch shall not exceed $5.00 per day."

Respondents claim this Act also violates Art. 4, pt. 2, Sec. 17 of our Constitution which in prohibiting extra compensation states: "The legislature shall never grant any extra compensation to any public officer * * * servant * * * after the services shall have been rendered * * * nor shall the compensation of any public officer be increased or diminished during his term of office * * *."

These constitutional provisions are so interrelated that the claimed violations of each shall be considered together.

We do not believe these contentions of constitutional violation can be upheld. When the State repays the legislators and their employees for personal expenses, this does not constitute additional compensation but is merely a reimbursement for actual cash outlays necessarily incurred for subsistence while away from home and in the performance of duty.

In Olmsted & Gillelen v. Hesla, 24 Ariz. 546, 211 P. 589, 591, our Court stated: "In the Constitution compensation is employed to designate salary. Section 17, art. 4." Similarly the California Supreme Court has held that the word "compensation" ordinarily means pay for services rendered, and is sometimes held to be synonymous with "salary". Kirkwood v. Soto, 87 Cal. 394, 25 P. 488; Reynolds v. Reynolds, 14 Cal.App.2d 481, 58 P.2d 660; Martin v. Santa Barbara County, 105 Cal. 208, 38 P. 687. See also State ex rel. Payne v. Reeves, 44 S.D. 568, 184 N.W. 993. When a public officer of the state or county is required to travel in order to perform his duty, provision has been made by the legislature to reimburse him for "out of pocket" cash legitimately expended for subsistence and lodging, sec. 12-713, A.C.A. Similar provisions have been made for certain specific officers; e.g. sec. 12-702 provides for the expenses of judges; sec. 12-710 for sheriffs, and sec. 12-712 for justices of the peace.

The more recent cases under constitutional provisions almost identical with ours have upheld legislation granting subsistence expenses to members of the legislature upon the ground that such reimbursement did not constitute an increase in compensation. Collins v. Riley, supra; State ex rel. Todd v. Yelle, supra. "When an officer is required to travel in order to perform his duty, the payment of his actual necessary living expenses while away from home is a proper item of state expense and, unless expressly forbidden by the Constitution, it is a proper exercise of legislative authority to provide for the officer's reimbursement. The mere fact that such an officer is given a stated amount as compensation for his services cannot transform into additional compensation the allowance of his actual necessary living expenses while traveling on state business; the allowance, actually and legally, remains nothing more than a reimbursement for expenditures made necessary by reason of his office." Collins v. Riley, supra.

We are not unmindful of the fact that this Act can be the subject of abuse. On the other hand the Act itself provides many safeguards; e. g., it applies only to members of the legislature and employees who are away from their usual place of residence when attending legislative sessions, and only to the time that the legislature actually is in session; it provides only for actual and necessary expenses for subsistence and lodging to the extent that these are supported by receipts and vouchers; and finally, there is a maximum per

diem expense beyond which they may not go, which maximum is neither out of line with the expense money allowed other employees of the State, or with the current purchasing power of the dollar.

Federal and State governmental bodies almost without exception have the means with which to misuse their authority. But the safeguard and protection in our democracy is more than equal to any such risk. We in positions of governmental authority and responsibility are there as representatives of the people. They are placed in these positions by the people, and can be recalled by them. It is to the people that they must, at all times, answer.

"There is nothing more easy than to imagine a thousand tyrannical things which the Legislature may do, if its members forget all their duties, disregard * * * the obligations they owe to their constituents, and recklessly determine to trample upon right and justice." Sharpless v. Mayor, etc., of City of Philadelphia, 21 Pa. 147, 59 Am.Dec. 759.

Finally, even if the law were one without safeguards and the threat of abuse seemed imminent, this Court has neither the power nor the authority to decide upon the desirability of the measure. We are confined solely to the question of its constitutionality.

"The judiciary can only arrest the execution of a statute when it conflicts with the Constitution. It cannot run a race of opinions upon points of right, reason, and expediency with the law-making power. * * * The courts are not the guardians of the rights of the people of the state, *except as those rights are secured by some constitutional provision which comes within the judicial cognizance.* The protection against unwise or oppressive legislation within constitutional bounds is by an appeal to the justice and patriotism of the representatives of the people. If this fail, the people in their sovereign capacity can correct the evil, but courts cannot assume their rights." (Emphasis supplied.) Cooley on Constitutional Limitations, 6th Ed., 1890, c. 7, Secs. 4, 5, p. 201.

Certainly under the standard of proof here required we cannot find this Act as passed by the Eighteenth Legislature is "clearly invalid".

Before closing the opinion it seems desirable to clear away certain prevalent misunderstandings and misapprehensions regarding the general subject matter. A widespread but mistaken impression exists that the people by a direct vote at the last general election decisively rejected the subject matter of the Act now under review. The fact is that at the election held on November 5, 1946, the people rejected a proposed constitutional amendment which would have increased the *compensation* of the legislators from $8.00 to $15 per day. The Act here in question has only to do with *personal expenses.*

There is no issue of fact raised by the pleadings before us. Only questions of law need here be determined. The two claims aggregating $16.14, rejected by the Auditor, cover expenses subsequent to the passage of the Act. It is neither claimed nor under the wording of this Act is it legally possible for the Act to apply to any personal expenses other than those incurred and properly submitted since the date of its passage.

 The petitioners allege that "ample funds were available in funds *appropriated for the State Legislature* of the State of Arizona, from which payment of petitioners' claims could be made." While respondents' motion to dismiss might admit this allegation, nevertheless we take judicial notice of our laws. Chapter 1 (House Bill No. 11) of the Laws of the Regular Session Eighteenth Legislature (commonly known as the "feed bill") covers only regular "legislative expense" but contains no specific appropriation for paying the "personal expenses" of its members, nor has any special appropriation, in so far as we have been informed, been enacted for this purpose.

Mandamus will only lie to compel the performance of an act which the law specifically imposes as a duty (Sec. 28-201, A.C.A. 1939). No funds having been appropriated for this specific purpose the Auditor owed no duty to allow the claims. For this reason only the writ is denied. The Alternative Writ of Mandamus is quashed.

STANFORD, C. J., and LaPRADE and UDALL, JJ., concur.