255 P.2d 203

**STATE v. GASTELUM.**

No. 1031.

Supreme Court of Arizona.

Mar. 30, 1953.

272

Rosenberg & La Vetter, of Tucson, for appellant.

Fred O. Wilson, Atty. Gen., Newman W. White, Asst. Atty. Gen., Robert Morrison, Pima County Atty., and Robert F. Miller, Deputy Co. Atty., Tucson, for appellee.

PHELPS, Justice.

Defendant was convicted in the superior court of Pima County, Arizona, of the violation of the Uniform Narcotics Act of 1935, A.C.A.1939, § 68–801 et seq., to wit, that he wilfully and unlawfully had in his possession and under his control certain narcotic drugs commonly known as marijuana. From the judgment entered thereon defendant appeals.

Two assignments of error have been presented for consideration:

1. The court erred in denying defendant's motion, before trial, to quash the information for the reason that the Uniform Narcotics Act of 1935 under which defendant was charged is unconstitutional in that it violates article 4, part 2, section 13, of the constitution of Arizona.

2. The court erred in denying defendant's motion for a new trial based upon the misconduct of counsel for the state, the assistant county attorney, in continuously propounding to the defendant, on cross-examination, over the objections of defendant's counsel, questions which were entirely improper and incompetent and in violation of section 43–1004 [44–1004], A.C.A.1939. The questions are set forth in designated lines and pages of the transcript

of the evidence, which questions it is claimed were asked solely for the purpose of prejudicing the jury against the defendant and which did prejudice the jury.

Counsel for defendant contend that the title of the act falls far short of the constitutional requirements of article 4, part 2, section 13. This section of the constitution provides that:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title."

The title of the Arizona Uniform Narcotics Act of 1935 reads as follows:

"An act relating to narcotic drugs, and to make uniform the law with reference thereto."

 The above provision of the constitution has been considered by us in a number of cases, from the case of Laney v. State, 20 Ariz. 416, 181 P. 186, to State v. Harold, 74 Ariz. 210, 246 P.2d 178, and we have said that we would not declare a legislative act unconstitutional unless satisfied beyond a reasonable doubt of its unconstitutionality, and as we said in State v. Davey, 27 Ariz. 254, 232 P. 884, 885:

"* * * The burden therefore is upon the appellee [appellant here] in this case to convince us that the subject of the act is not reasonably embraced in the title thereof, by as great a weight of evidence and reasoning as would be required to be presented by the state to convict a defendant of murder. Every intendment and every presumption is in favor of the law, and if on any reasonable theory we can hold it constitutional, statutory construction requires us to do so."

We said in In re Lewkowitz, 70 Ariz. 325, 220 P.2d 229, 233:

"* * * that the title of a statute need not be a complete index of its provisions, but it is sufficient if it so indicates its substance and scope *as reasonably to lead to an inquiry into its content.' * * *

* * * * * *

"* * * that the title is sufficient if it is germane and indicates, in a general way at least, what is to follow in the way of legislation."

██ The above pronouncements have been frequently made by this court, but counsel says there is nothing in the title of the act in question to put one on inquiry as to whether it embraced the imposition of penalties for its violation. First, let us observe that we have held in State v. Harold, supra, that such inclusion is not necessary, citing Dennis v. Jordan, 71 Ariz. 430, 229 P.2d 692; and secondly, the evil

effect of the use of narcotic drugs upon the health and morals of an individual or of a people is so generally known that the court will take judicial notice thereof, and we believe that because of the general knowledge of its evils the title to the act above quoted would suggest to the ordinarily reasonable and prudent person that the legislation would be regulative and restrictive in character and would provide punishments for its violation.

We held in In re Lewkowitz, supra, that the title of the act creating the incorporated Bar of Arizona, which reads:

"An act relating to the state bar, and creating a public corporation to be known as 'The State Bar of Arizona'".

was broad enough to include in the body of the act provisions relating to the admission, discipline, and disbarment of members of the Bar and to provide the procedure therefor. We therefore hold that the title in the instant case is sufficiently broad and inclusive to meet the requirements of article 4, part 2, section 13 of the state constitution.

The second assignment of error is directed at the alleged misconduct of the assistant county attorney which, it is claimed, constitutes reversible error and with which claim we agree. It is difficult to understand why counsel frequently permit their zeal to dethrone their judgment and force this court to reverse a case, often resulting in a guilty person escaping punishment al- together and always results in an unnecessary expense to the taxpayers.

In addition to the charge against defendant of the possession and control of narcotics, he was charged with a previous conviction which is permitted under our statute. Section 44–1004, A.C.A.1939, provides in relation thereto that:

"When a defendant, who is charged in the indictment or information with having suffered a previous conviction, pleads either guilty or not guilty of the offense with which he is charged, he must be asked whether he has suffered such previous conviction. If he answers that he has, his answers shall be entered by the clerk in the minutes of the court, and shall, unless withdrawn by consent of the court, be conclusive of the fact of his having suffered such previous conviction in all subsequent proceedings. * * * If the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous convictions shall not be read to the jury, nor alluded to on the trial."

Notwithstanding the provisions of this section of our law enjoining any reference to the previous conviction during the course of the trial, where, as in this case, defendant had admitted the previous conviction, and notwithstanding the adverse rulings of the learned trial judge, counsel for the state, on cross-examination of the defend-

ant, repeatedly sought to elicit from him admissions indicating a former conviction. To illustrate, defendant was asked by the assistant county attorney:

"Q. Have you ever been before this court before on a marijuana charge?

"Q. Has he (Officer Dunn) ever arrested you?

"Q. Isn't it true that in April, April 7, 1951, that you saw Officer Dunn in the vicinity of 92 West Mesilla Street in Tucson, Arizona? (Defendant's previous conviction is alleged in the information to have occurred in April, 1951.)

"Q. Isn't it true that right today you are on probation?

"Q. Now, I will ask you again, have you ever possessed marijuana?"
Counsel for the state undertake to justify these questions relating to a previous conviction upon an exception to a rule of evidence to the effect that where a defendant is on trial for any particular offense, evidence of other similar offenses is admissible against him for the purpose of showing motive, intent, absence of mistake or accident, or a common scheme or plan. True, this exception is quite as firmly embedded in our rules of evidence as the rules themselves but nowhere, so far as we know, has such exception or even a rule of evidence been invoked to override a clear mandate of the legislature enjoining any reference to such other offense or offenses, and we are confident none can be found.

Every person charged with a crime is entitled, under our constitution, to a fair and impartial trial, and it is as much the duty of the prosecutor to see that he receives fair treatment as it is to see that the jury is presented with all available evidence tending to establish his guilt. The defendant was not only denied that fairness to which he was entitled but counsel for the state wholly disregarded section 44–1004, supra, clearly enjoining the conduct in which he engaged in the presence of the jury. A reprimand from the trial judge under the circumstances would have been justified.

Judgment reversed and cause remanded with directions to grant a new trial.

STANFORD, C. J., and LA PRADE, UDALL, and WINDES, JJ., concurring.