351 P.2d 165

Mary D. FORMAN, a widow, Petitioner,

v.

CREIGHTON SCHOOL DISTRICT NO. 14, a body politic, R. O. "Bob" Feddersen, et al., members of Board of Trustees and Edwon L. Riggs, Superintendent thereof, Respondents.

No. 7034.

Supreme Court of Arizona.

April 20, 1960.

Herbert Mallamo, Phoenix, for petitioner.

Charles C. Stidham, County Atty., Paul D. Levie, Chief Civil Deputy, Phoenix, for respondents.

PHELPS, Justice.

This is an original proceeding asking that a writ of certiorari be issued to Creighton School District No. 14 and its Board of Trustees, commanding them to certify to this Court for review the transcript of record and proceedings held and conducted on the 29th day of December, 1959.

In the application it is alleged that petitioner is a "continuing teacher" as defined in the "Teachers' Tenure Act" (A.R.S. § 15–251 et seq.); that she was granted a renewal of her continuing contract for the school year 1959–1960; that she was subsequently served with notice of the termination of her contract of employment to which she responded by demanding a public hearing before the Board of Trustees; that the time and place of the hearing having been designated she appeared in person and was represented by counsel, but that the respondents refused to conduct a fair and impartial hearing, or any hearing in law, in that she was denied the right to examine or to cross-examine the witnesses who testified against her, and was therefore denied due process of law under the federal and state constitutions; and, that on January 5, 1960 the respondents acting in excess of or wholly without jurisdiction made a decision affirming the notice of dismissal terminating her continuing contract.

At an informal hearing held on application for writ of certiorari, the parties concerned being represented by counsel, respondents admitted that petitioner's attorney was denied the right to cross-examine the witnesses who appeared against his client. Ordinarily a writ of certiorari would not have issued out of this Court to an administrative board in a matter of this character. But the refusal of the Board to permit counsel for petitioner to cross-examine a witness who had, in effect, made an argument rather than a statement of fact against petitioner, and which of necessity was based upon what others had related to the witness so definitely violated the due process clause of the 14th amendment of the Constitution of the United States, and art. 2, section 4 of our State Constitution, A.R.S. that, we felt the writ should issue in order that boards of trustees may be advised concerning the procedure to be followed. The failure of the chairman of the Board to follow at least in some slight degree the decorum established by usage in quasi-judicial proceedings was also a factor considered in ordering the writ to be issued. In response to the order in the writ, the respondents caused the transcript and records of the proceedings in question to be certified to this Court.

The questions thus presented are as follows: (1) whether the order of the Board of Trustees which issued pursuant to a hearing in which petitioner was denied the right to cross-examine witnesses appearing against her, denied to her due

process of the law; and, (2) whether certiorari to this Court is the proper remedy.

■ In connection with the first question, our research indicates that the overwhelming weight of authority holds that for an administrative body, conducting a quasi-judicial hearing, to preclude the individual concerned from cross-examining witnesses appearing against him, denies him due process of the law. Interstate Commerce Comm. v. Louisville & N. R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431; Southern Stevedoring Co. v. Voris, 5 Cir., 190 F.2d 275; Stapleton v. Huff, 50 N.M. 208, 173 P.2d 612; Taylor v. Lee, Utah, 226 P.2d 531; Napuche v. Liquor Control Commission, 336 Mich. 398, 58 N.W.2d 118; National Labor Relations Board v. Prettyman, 6 Cir., 117 F.2d 786; Automobile Sales Co. v. Bowles, D.C., 58 F.Supp. 469; Saltzman v. Stromberg-Carlson Telephone Mfg. Co., 60 App.D.C. 31, 46 F.2d 612. The wisdom of this rule is very well stated in some of the earlier cases where the courts were called upon to review decisions of administrative boards. For example, see Interstate Commerce Comm. v. Louisville & N. R. Co., supra. [227 U.S. 88, 33 S.Ct. 187], wherein the court said:

"* * * The Commission is an administrative body and, even where it acts in a quasi judicial capacity, is not limited by the strict rules, as to the admissibility of evidence, which prevail in suits between private parties. Interstate Commerce Commission v. Baird, 194 U.S. 25, 48 L.Ed. 860, 24 Sup.Ct.Rep. 563. But the more liberal the practice in admitting testimony, the more imperative the obligation to preserve the essential rules of evidence by which rights are asserted or defended. In such cases the Commissioners cannot act upon their own information, as could jurors in primitive days. All parties must be fully apprised of the evidence submitted or to be considered, *and must be given opportunity to cross-examine witnesses,* to inspect documents, and to offer evidence in explanation or rebuttal. In no other way can a party maintain its rights or make its defense. In no other way can it test the sufficiency of the facts to support the finding; for otherwise, even though it appeared that the order was without evidence, the manifest deficiency could always be explained on the theory that the Commission had before it extraneous, unknown, but presumptively sufficient information to support the finding. Interstate Commerce Commission v. Baltimore, etc., R.R., 226 U.S. 14, 57 L.Ed. 104, 33 S.Ct. 5." (Emphasis supplied.)

See also, Napuche v. Liquor Control Commission, 336 Mich. 398, 58 N.W.2d 118, 120, where it was stated that:

" 'Due process of law requires notice and opportunity to be heard. It imports the right to a fair trial of the issues involved in the controversy and a determination of disputed questions of fact on the basis of evidence.' Dation v. Ford Motor Co., 314 Mich. 152, 167, 22 N.W.2d 252, 258.

" ' "But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them." * * *

" 'The maintenance of the proper standards on the part of administrative agencies in the performance of their quasijudicial functions is of the highest importance and in no way cripples or embarrasses the exercise of their appropriate authority. On the contrary, it is in their manifest interest. For, as we said at the outset, if these multiplying agencies deemed to be necessary in our complex society are to serve the purposes for which they are created and endowed with vast powers, they must accredit themselves by acting in accordance with the cherished judicial tradition embodying the basic concepts of fair play.' Morgan v. United States, 304 U.S. 1, 22, 58 S. Ct. 773, 778, 999, 1000, 82 L.Ed. 1129.

" 'Unless the right is waived, the person charged is at least entitled to:

" '(1) Notice of a time and place of hearing.

" '(2) A hearing before a properly authorized body.

" '(3) A reasonably definite statement of the charge or charges preferred against the accused.

" '(4) The right to cross-examine the witnesses who testify against him.

" '(5) The right to produce witnesses in his own behalf.

" '(6) A full consideration and a fair determination according to the evidence of the controversy by the body before whom the hearing is had.' Hanson v. Michigan State Board of Registration in Medicine, 253 Mich. 601, 607, 236 N.W. 225, 228."

The transcript of the proceedings in question shows that Mrs. Forman appeared at the public hearing with her attorney. The specific charges were read, and certain witnesses were called who made statements against her in connection with those charges. Then Mrs. Forman was allowed to speak in her own behalf as were members of the audience. But the president of the Board repeatedly denied the demands of her attorney to cross-examine witnesses who testified against her.

A.R.S. § 15–254 provides that:

"* * * At the hearing the teacher may appear in person and by counsel, if desired, and may present any testimony, evidence or statements, either oral or in writing, in his behalf. * *"

This section does not spell out in any great detail the procedure to be followed at such hearings. But it does provide that the teacher may appear by counsel and "present any testimony, evidence or statements" in defense. Respondents contend that this section denies a continuing teacher the right to cross-examine witnesses for two reasons. First, because the statute does not expressly so state; and second, because a provision expressly providing for cross-examination of witnesses was deleted from the legislation as it was originally proposed.

■ But the fact is that the legislature *did* provide that the teacher could appear by her attorney. And since this is an administrative hearing, where the exclusionary rules of evidence are not strictly adhered to, if at all, unless the teacher, by his attorney, is allowed to cross-examine witnesses, an attorney's presence on the teacher's behalf is of little value. Thus, we are compelled to hold that the legislature intended that a teacher appearing before the Board of Trustees, under these circumstances, be allowed to cross-examine his accusing witnesses.

■ A more compelling reason, however, requires us to find that the legislature intended that a teacher should have the right to cross-examine witnesses. In State Board of Technical Registration v. McDaniel, 84 Ariz. 223, 326 P.2d 348, 357, we said:

"The law is well settled in this jurisdiction that every legislative Act is presumed to be constitutional and every intendment must be indulged in by courts in favor of validity of such Acts. Giss v. Jordan, 82 Ariz. 152, 309 P.2d 779; Hudson v. Kelly, 76 Ariz. 255, 263 P.2d 362. The court will not declare a legislative Act unconstitutional unless satisfied beyond a reasonable doubt of its unconstitutionality. State v. Gastelum, 75 Ariz. 271, 255 P.2d 203. Legislation will not be stricken down as being unconstitutional if there can be found a legal basis for its validity, Hernandez v. Frohmiller, supra, and the Act will be given a construction consistent with validity if at all possible. Earhart v. Frohmiller, 65 Ariz. 221, 178 P.2d 436."

If we found, as the respondents contend, that A.R.S. § 15–254 denies a teacher the right of cross-examining witnesses, we would also have to find this legislation unconstitutional. See authorities hereinabove cited. But having a reasonable alterna-

tive course, as hereinabove suggested, we hold the Arizona Teacher Tenure Act valid.

■ Having determined that petitioner was denied procedural due process in being refused the privilege of cross-examining witnesses, we now consider the propriety of certiorari to this Court.

A.R.S. § 12–2001 provides that:

"The writ of certiorari may be granted by the supreme and superior courts or by any judge thereof, in all cases when an inferior tribunal, board or officer, exercising judicial functions, has exceeded its jurisdiction and there is no appeal, nor, in the judgment of the court, a plain, speedy and adequate remedy."

In Miller v. Superior Court, 21 Ariz. 61, 185 P. 357, 358, this Court had the following to say concerning the above provision:

" * * * Paragraph 1495, Civil Code, authorizes the issuance by the Supreme Court of the writ of *certiorari* to an inferior court or tribunal exercising judicial functions when it exceeds its powers, 'and there is no appeal nor, in the judgment of the court, any plain, speedy and adequate remedy.' The language of the statute seems to settle it that, where there is an appeal, *certiorari* cannot be invoked to secure a review of the action of a superior court. This is the view adopted by this court from an early date. Territory v. Dunbar, 1 Ariz. 510, 25 Pac. 473; Reilly v. Tyng, 1 Ariz. 510, 25 Pac. 798; Territory v. Doan, 7 Ariz. 89, 60 Pac. 893. In the last case it was said, speaking of the writ of *certiorari:*

" 'It will not be permitted to take the place of an appeal or writ of error, even to correct judgments or other proceedings of a court in excess of jurisdiction. Our statute is framed with this idea of the province of the writ, and provides that it may issue when there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy.' "

Under the Teachers' Tenure Act (Subsection B of section 15–255, A.R.S.) a teacher, aggrieved by a decision of the board of trustees, may file an appeal with the superior court of the county in which he was employed. This legislation then directs the superior court to "hear and determine the matter de novo, not less than twenty or more than forty days after the date the appeal was filed." Thus it cannot be denied that the remedy of appeal was available since the provisions relating to appeal are stated in the above-mentioned statute. But since the statute provides that " * * * pending determination of the appeal, the decision of the board shall remain in full force and effect, and may

not be superseded," we feel that in view of the fact that petitioner was denied even a semblance of due process of law before the Board of Trustees that this appeal does not constitute an adequate remedy to petitioner.

She is entitled to due process of law at every stage of her hearing. This was denied to her before the Board of Trustees. If she is financially situated as many of us are today under the high cost of living, she would probably have great difficulty in bridging a period of enforced idleness thus entailed. Therefore, we believe an appeal in this case does not afford an adequate remedy. The Board was incorrectly advised concerning her legal rights at her hearing. The order of the Board discharging petitioner is set aside.

STRUCKMEYER, C. J., and JOHNSON and BERNSTEIN, JJ., concur.

UDALL, Justice (dissenting).

I would quash the writ of certiorari heretofore issued. It is my view that it was improvidently granted in the first instance as the petitioner clearly had a plain, speedy and adequate remedy by appeal to the superior court. A.R.S. § 15–255 expressly so provides; and furthermore the legislature has directed that such a matter be advanced on the calendar for prompt disposition.

I do not favor permitting a litigant to bypass the superior court through the medium of applying for an original writ in this court, particularly where, as here, an appeal was actually docketed in the court below. Had we kept our hands off, the lower court, in a trial de novo, would undoubtedly ere this have properly disposed of the matter. This decision, it appears to me, assumes that the court below would fail to perform its clear duty of redressing any wrongs done to the petitioner. I cannot concur in this assumption.

I say this even though I am wholly in agreement with the pronouncement of the majority to the effect that petitioner was denied due process of law in the "high-handed manner" in which the hearing was conducted before the Board of Trustees. Merely because an injustice may have been done petitioner is no justification for us to ignore our own rules and settled precedents by interceding at the school district level. I fear that this decision will open wide the floodgates for petitions to this Court of a similar character, thus delaying the determination of important matters much more deserving of our attention. It is my considered opinion the writ should now be quashed.