NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

WORKER POWER PAC, et al., *Plaintiffs/Appellees,*

*v.*

CITY OF GLENDALE, et al., *Defendants/Appellants.*

No. 1 CA-CV 24-0593 EL

FILED 08-22-2024

---

Appeal from the Superior Court in Maricopa County
No. CV2024-019995
The Honorable Scott McCoy, Judge

**AFFIRMED**

---

COUNSEL

Barton Mendez Soto PLLC, Tempe
By James E. Barton II, Jacqueline Mendez Soto, and Daniella Fernandez
Lertzman
*Counsel for Plaintiffs/Appellees*

Pierce Coleman PLLC, Scottsdale
By Christina Estes-Werther, Aaron D. Arnson, and Matthew W. Schiumo
*Counsel for Defendants/Appellants*

Snell & Wilmer L.L.P., Phoenix
By Eric H. Spencer, Derek C. Flint, and Cole M. Craghan
Counsel for Amici Curiae Arizona Lodging and Tourism Association and
the American Hotel and Lodging Association

Arizona Chamber of Commerce and Industry, Phoenix
By Michael G. Bailey and Nate Curtisi
Counsel for Amicus Curiae Arizona Chamber of Commerce and Industry

---

**MEMORANDUM DECISION**

Judge Paul J. McMurdie delivered the Court's decision, in which Presiding Judge Jennifer B. Campbell and Vice Chief Judge Randall M. Howe joined.

---

**M c M U R D I E**, Judge:

¶1 The City of Glendale and the Glendale City Clerk appeal the superior court's order granting Worker Power PAC and Brendan Walsh's application for a preliminary injunction. We affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2 In July 2023, Brendan Walsh submitted an initiative on behalf of Worker Power PAC (collectively, "Worker Power") for the November 2024 ballot. The initiative, the Hotel and Event Center Minimum Wage and Wage Protection Act, "add[s] Article VII to Chapter 21 of the Glendale Municipal Code; relating to minimum wage and wage protection." (Capitalization omitted.) The initiative aims "to regulate the minimum wages and benefits of hotel and event center employees."

¶3 Section 21-188 of the initiative requires a hotel employer to provide twice the rate of regular pay to a hotel worker who cleans a space exceeding a certain square footage, calculated based on factors such as the number of guest rooms, floors, buildings, and hours worked in a day. That section also provides that a hotel employer cannot require or allow a hotel worker to work more than ten hours per day without the worker's written consent; the hotel employer must notify the employee in writing that working more than ten hours is not mandatory.

¶4 Section 21-189 sets a minimum wage for hotel and event center workers, which will increase annually based on the cost of living starting in 2025. Section 21-190 requires hotel or event center employers to distribute service charges paid by customers to the workers who performed those services. It also prohibits employers from deducting the service charge distributions from the employee's hourly compensation.

2

¶5 Section 21-196 establishes the Department of Labor Standards, led by a Director of Labor Standards, to receive employee complaints and investigate and enforce the initiative's provisions against employers. This Section authorizes the Director to promulgate regulations to further the initiative and requires wage investigators to investigate suspected violations, communicate with complainants, report violations, and enforce the provisions under the Director's supervision.

¶6 Section 21-197 requires hotel and event center employers to give the City access to pertinent records and authorizes the City to initiate civil actions against hotel and event center employers. It also requires the Director to take enforcement action against employers who violate any initiative section. Section 21-194 provides that a violation of administrative regulations adopted by the Department to support the initiative's provisions violates the initiative. Sections 21-191 and 21-195 provide waiver opportunities. A collective bargaining agreement may waive sections 21-188 through 21-290, and the Director must waive the initiative requirement if the employer proves the requirement would impact certain economic metrics.

¶7 Section 21-192 requires hotel or event center employers to provide written notice to workers of their rights as outlined in the initiative. Section 21-193 prohibits employers from retaliating against a hotel or event center worker for asserting their rights established in the initiative. Section 21-198 creates a private cause of action for hotel and event center workers against their employers if they are aggrieved by an employer's violation of their rights in the initiative.

¶8 The City Clerk rejected the initiative application because it did "not meet the constitutional requirement for placement on the ballot." The City Clerk found that the initiative violated Article 4, Part 1, Section 1(9) of the Arizona Constitution because the measure was not "limited to one subject." *See* Ariz. Const. art. 4, pt. 1, § 1(9) (form and contents of initiative and referendum petitions).

¶9 Worker Power filed for statutory special action relief seeking a writ of mandamus to "compel[] the City Clerk to receive and process the [i]nitiative." Worker Power also moved for a preliminary injunction ordering the City Clerk to keep processing the initiative while the action was pending. Worker Power argued that the City Clerk lacked the authority to reject the initiative, and the initiative complied with the Arizona Constitution's single-subject rule. The City moved to dismiss the statutory special action complaint. It opposed the preliminary injunction, arguing

that the initiative did not comply with the single-subject rule or the title requirement under Article 4, Part 1, Section 1(9) of the Arizona Constitution.

**¶10**        After receiving briefing from the parties and amici curiae, the superior court denied the motion to dismiss, granted the preliminary injunction application, and ordered the City Clerk to accept and process the initiative. The court found that the initiative embraces "one general subject" because it "establishes a minimum wage for hotel and convention center workers within the City" and "provides mechanisms to enforce the new wage and to prevent employers from circumventing it." It also found that Worker Power showed "a strong probability of succeeding on the merits," "a strong possibility of irreparable harm," "[t]he balance of hardships favor[ed] Worker Power," and "Arizona's public policy strongly favors the initiative process."

**¶11**        The City appealed. Because this is an expedited election matter, this court held an Arizona Rules of Civil Appellate Procedure ("ARCAP") 10(g) scheduling conference with the parties and ordered simultaneous briefing from the City and Worker Power. Amici curiae agreed to rest on their briefs presented to the superior court.

**¶12**        We have jurisdiction to review the order granting the preliminary injunction under A.R.S. § 12-2101(A)(5)(b).[1]

---

[1]        The City appealed both the order granting the preliminary injunction and the denial of its motion to dismiss. But an order denying a motion to dismiss is not appealable. *See Nowell v. Rees*, 219 Ariz. 399, 403, ¶ 10 (App. 2008).

**DISCUSSION**

**¶13**         We review the superior court's order granting a preliminary injunction for an abuse of discretion. *Shinn v. Ariz. Bd. of Exec. Clemency*, 254 Ariz. 255, 259, ¶ 13 (2022). The superior court abuses its discretion if it makes a legal error or issues an order unsupported by the record. *Id.*

**¶14**         The superior court may issue an injunction to compel positive action by the enjoined party. *See State ex rel. Corbin v. Portland Cement Ass'n*, 142 Ariz. 421, 425 (App. 1984); *see also McNally v. Sun Lakes Homeowners Ass'n #1, Inc.*, 241 Ariz. 1, 3, 5, ¶¶ 9, 23 (App. 2016). "To grant a preliminary injunction, the [superior] court must find (1) a strong likelihood of success on the merits; (2) a possibility of irreparable injury to the requesting party irremediable without relief; (3) the balance of hardships favors the requesting party; and (4) public policy favors the injunction." *Shinn*, 254 Ariz. at 259, ¶ 14.

**¶15**         The City argues the superior court erred by granting the preliminary injunction because the initiative did not comply with the Arizona Constitution's single-subject rule or title requirement. Whether the initiative complied with the Arizona Constitution is a legal question, which we review *de novo. See State v. Hansen*, 215 Ariz. 287, 289, ¶ 6 (2007).

**¶16**         The Arizona Constitution requires every legislative act to "embrace but one subject and matters properly connected therewith"—the single-subject rule. Ariz. Const. art. 4, pt. 2, § 13; *Ariz. Sch. Bds. Ass'n, Inc. v. State*, 252 Ariz. 219, 226, ¶ 25 (2022). And the single subject in the legislative act "shall be expressed in the title"—the title requirement. *Id.* The single-subject rule's purpose is "to prevent 'log-rolling,' or combining different measures into one bill so that a legislator must approve a disfavored proposition to secure passage of a favored proposition." *Hoffman v. Reagan*, 245 Ariz. 313, 316, ¶ 14 (2018) (citation omitted). The title requirement informs the public of the legislation's subject matter and prevents surprise. *In re Lewkowitz*, 70 Ariz. 325, 331-32 (1950); *Taylor v. Frohmiller*, 52 Ariz. 211, 215 (1938).

**¶17**         Until recently, the single-subject rule and the title requirement did not apply to initiatives. *See Ariz. Chamber of Com. & Indus. v. Kiley*, 242 Ariz. 533, 541-42, ¶¶ 33-34 (2017). But as of December 2022, initiatives "shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title." Ariz. Const. art. 4, pt. 1, § 1(9). The single-subject rule and title requirement for legislative acts and initiatives are virtually identical. *Compare* Ariz. Const. art. 4, pt. 1,

§ 1(9), *with* Ariz. Const. art. 4, pt. 2, § 13. Thus, following the parties' lead, we look to pre-existing caselaw to interpret the single-subject rule and the title requirement for guidance in this case.

## A. The Initiative Complied with the Single-Subject Rule.

**¶18** Under the single-subject rule, the initiative should contemplate "one general subject," meaning that all the matters in the initiative "should fall under some one general idea." *See* Ariz. Const. art. 4, pt. 1, § 1(9); *see also Hoffman*, 245 Ariz. at 316, ¶ 14 (quoting *Litchfield Elementary Sch. Dist. No. 79 v. Babbitt*, 125 Ariz. 215, 224 (App. 1980)). A "subject" includes "all matters having a logical or natural connection." *See Ariz. Sch. Bds. Ass'n*, 252 Ariz. at 227, ¶ 34 (quoting *Litchfield*, 125 Ariz. at 224). The matters in the initiative should "be so connected with or related to each other, either logically or in popular understanding, as to be parts of, or germane to, one general subject." *See id.* An initiative would violate the single-subject rule if it included "dissimilar and discordant subjects that by no fair intendment can be considered as having any legitimate connection with or relation to each other." *See id.* at 227-28, ¶ 34 (quoting *Litchfield*, 125 Ariz. at 224).

**¶19** In *Arizona School Boards Association, Inc. v. State*, our supreme court held that a bill "span[ning] approximately thirty distinct subjects" violated the single-subject rule. 252 Ariz. at 228, ¶¶ 35-37. The bill's identified purpose was the State's budget, but the challenged provisions were "devoid of any reference or significance to budget procedure." *Id.* at ¶ 36. Instead, the bill contemplated "matters ranging from dog racing, the lottery, voter registration, election integrity, the Governor's emergency powers, the Board of Trustees' duties and powers, the definition of 'newspaper,' political contributions, management of the state capital museum, and COVID-19." *Id.* at ¶ 35.

**¶20** On the other hand, in *Hoffman v. Reagan*, the supreme court found no single-subject rule violation when two amendments to the Citizens Clean Election Act were reasonably related. *See* 245 Ariz. at 316, ¶ 16. One proposed amendment prohibited the transfer of Clean Elections funds to political parties, and the other provided that the Clean Elections Commission's rulemaking would be subject to oversight by the Governor's Regulatory Review Council. *Id.* at 314-15, 316, ¶¶ 1, 3, 16. It was enough that both amendments related to the Citizens Clean Election Act. *See id.* at 316, ¶ 16.

¶21        The City argues that the initiative's provisions are unrelated. The City asserts that the unrelated provisions seek to regulate employee benefits and working conditions, allow "collective bargaining agreements to supersede the legislation," and establish the Department of Labor Standards.

¶22        The initiative aims to regulate hotel and event center employees' minimum wages and benefits. The initiative does not define "wage" or "benefit," so we use their ordinary meanings. *See Meyer v. State*, 246 Ariz. 188, 193-94, ¶¶ 14-16 (App. 2019) (applying the ordinary meaning to an undefined word in the statute). A "wage" is "[p]ayment for labor or services," usually "based on time worked or quantity produced." *Wage*, Black's Law Dictionary (12th ed. 2024). A "benefit" is an "advantage or privilege something gives" or "the helpful or useful effect something has." *Benefit*, Black's Law Dictionary (12th ed. 2024).

¶23        We start with the service charge provisions. The initiative ensures that service charges are paid to the employees when they perform the services related to the charge. Thus, the initiative's requirement has a logical and natural connection to protecting the employees' payments for labor or services performed. *See Ariz. Sch. Bds. Ass'n*, 252 Ariz. at 227, ¶ 34.

¶24        We now address the provisions about pay premiums, workload, and overtime. The initiative's purpose explains that the wage premiums connected to cleaning quotas ensure that hotel workers are adequately compensated when the workloads required in a certain timeframe are too burdensome. And the overtime provisions prevent employers from requiring hotel workers to work overtime to circumvent the wage premiums from increased workloads. These provisions all protect the employees' payment for labor or services performed. *See Ariz. Sch. Bds. Ass'n*, 252 Ariz. at 227, ¶ 34.

¶25        We disagree with the City that the initiative has "wage provisions and benefit provisions—two distinctly separate subjects." Even though "wages" and "benefits" have different meanings in this context, *see Meyer*, 246 Ariz. at 193, ¶ 15, the only "benefits" contemplated in the initiative are wage protections—employer rules and obligations that protect employee payments under the proposed scheme.

¶26        For the first time on appeal, the City also challenges the initiative's provision authorizing waiver of Sections 21-188, -189, or -190 through a collective bargaining agreement. But the ability to waive minimum wage requirements or wage protections is logically and naturally

connected to the workers' rights to have such protections under the initiative. *See Ariz. Sch. Bds. Ass'n*, 252 Ariz. at 227, ¶ 34; *see generally Rental Housing Ass'n of Washington v. City of Federal Way*, 520 P.3d 87, 90-91, 95, ¶¶ 5, 31 (App. 2022) (A city initiative that provided tenant protections and included "notice requirements and a provision prohibiting waiver of the ordinance's protections" did not violate the single-subject rule.).

**¶27**        The remaining challenged provisions establish oversight and enforcement of the wage protections, which are also logically and naturally connected to the protections. *See, e.g., Hoffman*, 245 Ariz. at 316, ¶ 16. All the challenged provisions relate to one general subject: protecting hotel and event center employees' wages. The initiative does not violate the single-subject rule.

## B.        The Initiative Complies with the Title Requirement.

**¶28**        An initiative's subject must be "expressed in the [initiative's] title." Ariz. Const. art. 4, pt. 1, § 1(9). The title must notify people of the initiative's contents, but it "need not be a complete index to its contents." *Ariz. Sch. Bds. Ass'n*, 252 Ariz. at 226, ¶ 26 (citation omitted). The title should not be misleading. *Dennis v. Jordan*, 71 Ariz. 430, 439 (1951); *see also White v. Kaibob Rd. Improvement Dist.*, 113 Ariz. 209, 211-12 (1976). Each provision in the initiative should "directly or indirectly relate" to the title's subject and either have a natural connection to the subject or be relevant to the subject. *See Ariz. Sch. Bds. Ass'n*, 252 Ariz. at 226, ¶ 26 (citation omitted).

**¶29**        In *Arizona School Boards Association, Inc. v. State*, portions of bills about "COVID-19-related directives[,] an expansion of Attorney General authority[,] election-related requirements[,] and the formation of a Senate election committee" violated the title requirement because the bills were titled as "appropriation," "budget reconciliation," and "budget procedure" provisions but were "devoid of any form of appropriation or budgetary purpose." 252 Ariz. at 227, ¶¶ 30-31. Because "the contested sections contain[ed] substantive legislative measures for which the titles d[id] not provide notice," the bill sections were void. *Id.*

**¶30**        But our supreme court held that the State Bar Act, an act "creating a public corporation to be known as the 'State Bar of Arizona,'" complied with the title requirement even though it included provisions to discipline members of the bar and enforce ethical rules. *See Lewkowitz*, 70 Ariz. at 329-30, 332-33. The court reasoned that provisions relating to disciplinary action and disbarment of bar members were "germane" to the idea of an integrated bar, and the title gave sufficient notice that the

legislation would include "such closely allied, relevant and germane provisions as those having to do with disciplinary action." *Id.* at 331-32.

¶31        The City argues the initiative does not comply with the title requirement because its provisions go beyond what a voter would reasonably understand as "minimum wage" and "wage protection." The City argues the initiative violates the title requirement because a "reader would not expect to see provisions related to benefits, collective bargaining, working conditions, or the establishment of an entire Department of Labor" based on the initiative's title.

¶32        Ostensibly, the Hotel and Event Center Minimum Wage and Wage Protection Act, "an initiative measure . . . relating to minimum wage and wage protection," (capitalization omitted) would put the public on notice that any matter relating to the employees' minimum wage and the protection of wages could be addressed in the initiative. *See Taylor*, 52 Ariz. at 217 (Court considered a section in the "spirit" of the title "without being so narrowly technical."). And as discussed above, the overtime, service charge, and workload provisions are wage protections. *See supra* ¶24. These provisions are not outside the title's scope.

¶33        The initiative's establishment of the Department of Labor Standards and other enforcement mechanisms are also within the scope of the title because methods of enforcing the wage protections are "germane" to the wage protections themselves. *See Lewkowitz*, 70 Ariz. at 331-32; *see also State v. Harold*, 74 Ariz. 210, 215 (1952) (It is unnecessary to include the act's penalties in the title.); *State v. Gastelum*, 75 Ariz. 271, 273-74 (1953) (same). Relatedly, the provision discussing the collective bargaining agreement is also within the title's scope because the waiver of the wage protections is closely related and relevant to the wage protections. *See Ariz. Sch. Bds. Ass'n*, 252 Ariz. at 226, ¶ 26. Thus, the initiative did not violate the title requirement.

¶34        Because the initiative complied with the single-subject rule and the title requirement, we need not address whether the City Clerk could deny the petition. The superior court did not abuse its discretion by granting the preliminary injunction application.

**ATTORNEY'S FEES**

¶35        The City requests fees and costs. We deny the request. *See* ARCAP 21(a)(2) (The court may decline to award fees if the claimant fails to cite authority for the award.). Worker Power is entitled to costs upon compliance with ARCAP 21 as the prevailing party.

## CONCLUSION

¶36        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      AGFV